(Nos. 32795, 32796.

Material Service Corporation *et al.,* Appellees, *vs.* M. H. Hollingsworth, Director of Finance, *et al.,* Appellants.—Chicago Fire Brick Co. *et al.,* Appellees, *vs.* Same Appellants.

*Opinion filed May 20, 1953.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, RICHARD L. COOPER, and A. ZOLA GROVES, of counsel,) for appellants.

SCHRADZKE, GOULD, RATNER & BURTON, of Chicago, (BENJAMIN Z. GOULD, and GERALD RATNER, of counsel,) for appellees Material Service Corp. *et al.;* TURNER, HUNT & DE BOLT, of Chicago, (MURRAY B. WOOLLEY, of counsel,) for appellees Chicago Fire Brick Co. *et al.;* DAVID, FAINMAN & ABRAHAMS, (SIGMUND W. DAVID, and JAMES J. GLASSNER, of counsel,) for certain contractors, appellees; SIDLEY, AUSTIN, BURGESS & SMITH, WILSON & McILVAINE, and KNAPP, CUSHING, HERSHBERGER & STEVENSON, all of Chicago, (WILLIAM H. AVERY, JR., R. CORWINE STEVENSON, CLARENCE E. FOX, EMERSON T. CHANDLER, JR., and KENT CHANDLER, JR., of counsel,) *amici curiae.*

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The principal question in each of these cases concerns the applicability of the retailers' occupation tax to persons selling building supplies and materials to contractors who retransfer such property as an incident to the services they render, and is controlled by our decision in *Burrows Co. v. Hollingsworth, ante,* p. 202.

These appeals are from two orders of the circuit court of Cook County, denying motions to vacate decrees which enjoined the collection of the disputed taxes from the plaintiffs. In the Material Service case, the injunction was entered in the first instance by the circuit court in 1941, and was sustained by this court in *Material Service*

*Corp.* v. *McKibbin,* 380 Ill. 226. In the Chicago Fire Brick case no appeal was taken from the injunction which was entered by the circuit court in 1944.

Only a brief sketch of the facts is necessary here. A complete statement may be found in the *Material Service case,* 380 Ill. 226, where it was held that the act was applicable neither to those selling building materials to contractors, nor to the contractors. The plaintiffs are materialmen and supply houses who sell building materials and supplies to contractors. The contractors install or incorporate these products into structures and buildings constructed for others.

In *Material Service Corp.* v. *McKibbin,* 380 Ill. 226, it was held that vendors of building supplies selling to contractors were not subject to the tax because their sales were not "for use or consumption" within the meaning of the act. Confronted with an amendment enacted in 1941, expressly extending the meaning of "use or consumption" to include the employment of tangible personal property by persons engaged in service occupations where the property is retransferred as an incident to the services rendered, more than one hundred materialmen, many of whom were also plaintiffs in the *Material Service case,* commenced the Chicago Fire Brick action. Prior to the decision in that case, the critical 1941 amendment was held invalid in *Stolze Lumber Co.* v. *Stratton,* 386 Ill. 334. Relying on the *Stolze case,* the circuit court entered its injunctive decree in 1944. From that time until after our decision in *Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55, no further action was taken with respect to the final decrees in the two cases now before us.

The Director of the Department of Revenue, reading the *Modern Dairy Co case* as authority for the taxability of plaintiffs in their sales to contractors, promulgated Bulletin No. 11, to that effect. Then, on January 28, 1953, defendants filed motions in each of these cases, seeking to

vacate the injunctions, on the basis of *Modern Dairy Co.* The court denied the motions to vacate, and defendants appeal.

Certain of the parties in the Material Service case argue that the circuit court "no longer had the power, authority or jurisdiction in 1953 to entertain the motion of appellants [defendants] to vacate the decrees entered in 1941 and 1944." The jurisdiction of the trial court to modify its injunction was conceded by the plaintiffs in *Burrows Co.* v. *Hollingsworth, ante,* p. 202, and other parties to the appeal in this case have not seen fit to question it.

The inherent power of a court rendering a permanent injunction to modify or revoke that injunction for equitable reasons is generally recognized. (See cases collected, 136 A.L.R. 765.) These plaintiffs do not dispute the existence of that power "where there has been a change in the *facts,* and perhaps also where there has been a change of *statutory* law," but they insist that the court "does not have such power upon a change only in *decisional* law arising from a subsequent decision in another case." They rely primarily upon *National Popsicle Corp.* v. *Hughes,* 32 F. Supp. 397, and *Pacific Telephone & Telegraph Co.* v. *Henneford,* 199 Wash. 462, 92 Pac. 2d 214. As to the first of these cases, its deviation from the weight of authority has been pointed out. (136 A.L.R. at 769.) As we read the second case, the court denied authority to vacate only because the power to vacate a judgment was statutory, and "None of the statutory grounds for the vacation of a judgment covers * * * the case at bar." See: Note 7 U. of Chi. L. Rev. 180.

Our courts are not so limited. Our decisions recognize a broad, inherent power to modify injunctions in the light of changing conditions. (*Illinois Central Railroad Co.* v. *Commerce Com.* 387 Ill. 256; *Vulcan Detinning Co.* v. *St. Clair,* 315 Ill. 40.) As Mr. Justice Cardozo put it in *United States* v. *Swift & Co.* 286 U.S. 106, 114, "A continuing decree of injunction directed to events to come is

subject always to adaptation as events may shape the need." The power to modify is essential, for without it an injunction awarded by a court of equity might itself become an instrument of inequity. We see no reason why that power should be curtailed because the change in relevant circumstances is by judicial decision rather than by legislation. In *Santa Rita Oil Co.* v. *State Board of Equalization,* 112 Mont. 359, 116 Pac. 2d 1012, an injunction restraining the collection of taxes was vacated when it appeared that there had been a change in applicable law as announced by the Supreme Court of the United States. It was there stated: "An injunction is merely the process by which the court enforces equity and it has not only the power but the duty to modify or annul its injunction as equity demands. A final or permanent injunction is a continuing process over which the equity court necessarily retains jurisdiction in order to do equity. And if the court of equity later finds that the law has changed or that equity no longer justifies the continuance of the injunction, it may and should free the defendant's hands from the fetters by which until then its activities have been prevented, thus leaving it free to perform its lawful duties." See, also, *Ladner* v. *Siegel,* 298 Pa. 487, 148 Atl. 699, 68 A.L.R. 1172.

We believe this reasoning to be sound. We conclude, therefore, that the circuit court had jurisdiction to modify or vacate its injunction to meet changing conditions of fact or of law, legislative or judicial.

On the merits, the result is controlled by our decision in *Burrows Co.* v. *Hollingsworth, ante,* p. 202. Here, as in *Burrows,* the sale from the suppliers to the contractors is followed by a subsequent transfer from the contractors for a consideration. The statute imposes the tax "upon persons engaged in the business of selling tangible personal property at retail," and a sale at retail is defined to exclude a transfer of personal property "for resale in any form as tangible personal property, for a valuable consideration."

(Ill. Rev. Stat. 1951, chap. 120, pars. 440, 441.) The statute therefore does not reach transfers from the suppliers to the contractors, because there are subsequent resales for a consideration.

One question arises in this case which was not present in *Burrows*. The resale for consideration which takes earlier transfers out of the statute is a "resale in any form as tangible personal property." The defendants argue that title to building materials does not pass until the materials have been incorporated into the building and that the materials "become real estate simultaneously with their incorporation into the building and hence are not transferred as tangible personal property."

No reasons are advanced by the defendants in support of their suggestion that the common-law doctrine which converts personal property into real property when it becomes affixed to the land should be imported into the construction of this taxing statute. The suggestion appears to have been considered and rejected by earlier decisions of this court. In *Blome Co.* v. *Ames,* 365 Ill. 456, 458, we made this comment on our earlier decision in *Bradley Supply Co.* v. *Ames,* 359 Ill. 162: "In the *Bradley Supply Co. case* we recognized that plumbing fixtures become real instead of personal property by accession, but we held that there was a transfer of title to personal property from the plumbing contractor to the owner of the real estate, and that the words 'any transfer,' in the first section of the act, were broader in scope than the technical term 'sale.' The owner was held to be the ultimate user or consumer contemplated by the act, and the jobbers who sold plumbing supplies to plumbing contractors were held to be exempt for the reason that under this act their transfers were for resale and not for use or consumption." And in *Material Service Corp.* v. *McKibbin,* 380 Ill. 226, 239, we said: "Whether an article is detachable as a fixture or whether it is such an integral part of the structure that it cannot

be detached is not the answer to the basic question as to whether there has been a sale of tangible personal property at retail within the meaning of the act."

In our opinion the trial court was correct, both in entertaining the motions to vacate the injunctions and in denying those motions, and its orders are affirmed.

*Orders affirmed.*