Laura Pepe Field, Plaintiff-Appellant, v. Michael Lehmann Field, Defendant-Appellee.

Gen. No. 66–42.

Third District.

February 3, 1967.

Friedman, Armstrong & Donnelly, of Chicago, for appellant.

James D. Reynolds and Morton S. Goldfine, of Peoria, for appellee.

CORYN, J.

Divorce litigants sometimes beget curious judicial proceedings. On October 14, 1964, plaintiff-appellant, Laura Pepe Field, was granted a divorce from defendant-appellee, Michael Lehmann Field, by decree of the Circuit Court of Peoria County in Case No. 64–D–2271. This decree awarded custody of three minor children to plaintiff, subject to certain visitation rights of defendant, and provided that defendant pay $200 per month for the support of these children. On June 1, 1965, defendant filed in the Circuit Court of Peoria County a Petition for Rule to Show Cause, alleging that plaintiff had refused to allow him to visit the children, a copy of which petition was mailed to plaintiff's attorney of record. On June 3, 1965, plaintiff filed an original chancery complaint in the Circuit Court of Cook County, Case No. 65–CH–3013, requesting said court to enroll the Peoria divorce decree, and to enforce and modify that decree. The defendant filed a special and limited appearance in Cook County requesting the Circuit Court there to dismiss plaintiff's complaint. On June 21, 1965, after a hearing, the Circuit Court of Cook County entered an order giving plaintiff leave to enroll the Peoria divorce decree as a decree of the Circuit Court of Cook County. Defendant's motion to dismiss was denied, his general appearance was entered, and a hearing on the merits of plaintiff's complaint was set for July 20, 1965. On November 2, 1965, defendant, in Cook County, filed a motion to vacate the order of the Circuit Court of Cook County. It appears that no final action was taken in Cook County, either on this motion, or the merits of plaintiff's complaint there.

On November 10, 1965, defendant filed, in the original divorce action in Peoria County, a petition for a restraining order praying that plaintiff be restrained and enjoined from proceeding with the Cook County litigation. On November 17, 1965, plaintiff filed in Peoria County a motion to strike defendant's petition for restraining or-

der, which motion alleged that the Circuit Court of Cook County had assumed jurisdiction of this matter in Case No. 65–CH–3013, and that, therefore, the Circuit Court of Peoria County should refuse to grant the requested injunction. It is interesting to note that this motion also alleges that plaintiff was attempting, in Cook County, to obtain an order restraining defendant from proceeding in this matter in Peoria County.

On November 17, 1965, the Circuit Court of Peoria County, after a hearing, entered a restraining order which stated, inter alia:

1. That it "has jurisdiction of the subject matter and the parties to this proceeding; that any proceeding affecting the subject matter or the marital res must be commenced" there;

2. That plaintiff's motion to strike was without merit and therefore denied;

3. That the defendant "has a meritorious cause of action and that unless the Writ of Injunction is issued as prayed for in the petition, the petitioner herein would suffer irreparable damage."

The Peoria Circuit Court therefore decreed "that a Writ of Injunction issue forthwith restraining the plaintiff-respondent, Laura Pepe Field, from proceeding in the Circuit Court of Cook County, Illinois, in Cause No. 65–CH–3013 or in any other court or in any other proceedings in the State of Illinois outside the Circuit Court of the Tenth Judicial Circuit of the State of Illinois. The court further finds that sufficient cause has been shown and that said injunction is granted without bond."

On December 30, 1965, plaintiff, in Peoria County, filed a petition requesting the Peoria court to vacate its injunction order of November 17, 1965, and to transfer the entire case to the Circuit Court of Cook County. In this petition, plaintiff alleges that the Cook County proceedings "were initiated for the convenience of all parties," and that the "primary issue raised . . . was to obtain

357

a modification of the divorce decree." Plaintiff further alleges that the Peoria court "having exclusive jurisdiction over the divorce decree entered in Peoria County, should divest itself of further jurisdiction herein and transfer this entire cause to the more convenient forum of the Cook County Circuit Court for further proceedings." Plaintiff did not allege or claim any change in facts or law since the entry of the injunctive order. Defendant, on January 13, 1966, filed a reply denying the allegations of this petition. On March 4, 1966, after a hearing, the Peoria court entered an order finding "that the restraining order of November 17, 1965, entered herein was a final order granting a permanent injunction and that said order was in no way illegal or without jurisdiction," and that therefore plaintiff's petition to vacate the injunction and transfer the case to Cook County is denied. This order further recited "that there is no just cause to delay the enforcement or appeal of this order."

On April 1, 1966, plaintiff filed in Peoria, a motion to vacate the order of March 4, 1966, and to dissolve the injunction entered on November 17, 1965. The defendant resisted this motion by filing on April 19, 1966, a motion to dismiss said plaintiff's motion, and on April 22, 1966, the Peoria court denied plaintiff's motion to vacate the order of March 4, 1966, and to dissolve the injunction of November 17, 1965. On May 23, 1966, plaintiff filed a Notice of Appeal in Peoria specifically appealing from said order of April 22, 1966, and requesting that said order be reversed and that the "cause be remanded with directions to dissolve the restraining order of November 17, 1965."

The propriety of the procedural and substantive aspects of the initial granting of an injunction, whether temporary or permanent, must be contested by an appeal within thirty days of the entry of the order imposing the injunction. Supreme Court Rules 303 and 307. Courts of

equity, however, even after the elapse of said thirty-day appeal period, have jurisdiction to modify or vacate their own injunctions to meet changing conditions of fact or of law. 21 ILP, Injunctions, § 183. "Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. . . . On application to modify the decree, the inquiry is simply whether changes since its rendition are of sufficient importance to warrant such modification. However, the injunction, whether right or wrong, cannot on such a hearing be impeached in its application to the conditions that existed on its making." 28 Am Jur, Injunctions, § 316. See also, Material Service Corp. v. Hollingsworth, 415 Ill 284, 112 NE2d 703; Western Union Tel. Co. v. International Brotherhood, 133 F2d 955.

In Benson v. Isaacs, 22 Ill2d 606, 177 NE2d 209, our Supreme Court upheld an order of a trial court dismissing a petition to dissolve an injunction for the reason that no showing was made in the trial court of a change in the law or the facts since the entry of the order of injunction. The court stated, at 22 Ill2d 606, 609:

> "An injunction such as that in the case at bar is a continuing adjudication of nontaxability, and even though subsequent decisions of this court show it was erroneously issued, it nevertheless operates to prevent assessment or collection of the tax until such time as it is modified or dissolved. . . . It is also the rule that the injunction will be modified or dissolved, as to its prospective effect, where the court finds that the law has changed or that equity no longer justifies a continuance of the injunction.

"To entitle a party to such relief, however, the necessary showing must be made. . . .

"Appellants have offered no ground upon which this court would be justified in disturbing the order of the superior court."

In the case at bar, no appeal was made by the plaintiff, within the thirty-day appeal period, from the injunctive decree of November 17, 1965. Instead, on December 30, 1965, she filed a petition in the Circuit Court of Peoria County requesting that court to vacate its injunction order of November 17, 1965, and to transfer the entire case to the Circuit Court of Cook County. The issue, then, in this case, is not whether the injunction was properly granted by the order of November 17, 1965, but whether the Peoria court, by its order of March 4, 1966, was correct in refusing to dissolve the injunction as requested by plaintiff. We regard plaintiff's motion of April 1, 1966, to vacate the order of March 4, 1966, and the order of April 22, 1966, denying this motion, as being proceedings pursuant to Ill Rev Stats, c 110, § 68.3 so that the time for appeal of the March 4 decree did not commence until after April 22. This brings us to the primary issue in this case, that is, whether or not the Peoria court was correct, by its order of March 4, 1966, in denying plaintiff's petition to vacate the injunction.

In its petition to vacate the injunction, plaintiff made allegations regarding the various proceedings in the Circuit Courts of Cook and Peoria County, and also recited the fact that she had been enjoined by the Peoria court from proceeding with the litigation in Cook County, or in any other jurisdiction of the State of Illinois, and that she had abided by this injunction. Plaintiff then went on to allege that the primary issue raised by the Cook County proceedings was her request to modify those por-

tions of the original Peoria divorce decree concerning child support payments. Plaintiff further alleges that the proceedings in Cook County were initiated because it was more convenient for all parties to have the matter litigated there due to the fact that both the plaintiff and defendant were now residents of Cook County. Plaintiff then admitted in her petition that the Peoria Circuit Court had "exclusive jurisdiction over the divorce decree entered in Peoria County," but requested that the Peoria court divest itself of further jurisdiction and transfer the entire case to Cook County, as this would be more convenient for the parties to the suit. Defendant filed a reply to plaintiff's petition to vacate, in which he denied its material allegations, and then set out affirmative allegations in support of his claim that he was still a resident of Peoria County. No evidence was presented to the court in this matter, the parties hereto electing to present this matter to the court solely upon the motion and reply thereto, and the arguments of counsel.

It is clear to us that the plaintiff totally failed to establish that there had been a change in facts or circumstances since the time of the order granting the injunction, or that there had been a change in law, either by the legislature or by the courts, and therefore the Circuit Court of Peoria County, in its order of March 4, 1966, was correct in denying plaintiff's petition to vacate the injunction and to transfer the case to the Circuit Court of Cook County. For the reasons hereinabove stated, the decree of the Circuit Court of Peoria County entered March 4, 1966, is affirmed.

Affirmed.

STOUDER, P. J. and HOFFMAN, J., concur.