STATISTICAL TABULATING CORPORATION, Plaintiff-Appellee, *v.* JOHN G. HAUCK d/b/a OFFICE SKILLS, Defendant-Appellant.

(No. 57099; 

First District—March 30, 1972.

Ordower and Ordower, of Chicago, for appellant.

Russell J. Topper, of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Defendant seeks to appeal from an injunction against his engaging in business activities competitive with those of plaintiff. Plaintiff has filed a motion to dismiss the appeal, and defendant has filed objections.

Earlier, on December 10, 1971, the court had entered a preliminary injunction, similar in form to the above but interlocutory in character. There can be no doubt that under Supreme Court Rule 307(a) * defendant could have appealed from that order as a matter of right, but he did not do so.

---

* Ill. Rev. Stat. 1971, ch. 110A, par. 307(a) reads in pertinent part:
"(a) *Orders Appealable; Time.* An appeal may be taken to the Appellate Court from an interlocutory order of court
(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; * * *."

After further hearing, the trial court entered an order on February 16, 1972, and modified it on March 14, 1972, limiting the proscribed area of defendant's prohibited business activities, and making permanent the injunction described in the first paragraph of this opinion.

The parties are in agreement that the pleadings present issues in addition to those resolved by the injunction; *e.g.*, specific performance and accounting. Because of this, defendant contends that the injunction he appeals from must necessarily be considered interlocutory rather than final, since it does not dispose of the entire litigation; and thus being interlocutory is made appealable by Rule 307(a) *supra*.

■■ We do not so interpret the nature of the order appealed from. Along with other language exhibiting like intent, it uses the words, "permanently enjoined and restrained," and thus, we believe, contains all the necessary elements of a final judgment on the issue which is the subject of the injunction. That being so, it cannot be appealed under Rule 307(a) which is limited to interlocutory orders.

On the other hand, we recognize that under Rule 301 "[e]very final judgment of a circuit court in a civil case is appealable as of right." But that basic proposition does not stand alone, and turns out also to be of no service to defendant for the purpose of rendering the instant order appealable. Rule 301 as to the appealability of final judgments is qualified by Rule 304(a) which provides:

"(a) *Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding.* If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

■■ The application of this rule to the instant injunction appears clear. The special finding of the court was not made in this case. As we have stated above, the judgment was final as to the injunction issue, so while the special finding of the court was not required to make the judgment final, it was necessary to make the judgment appealable in view of the issues which remain to be disposed of.

██ The reason for this rule, of course, is to avoid piecemeal appeals, and it serves its purpose well in that regard. Nevertheless, situations may often arise in which a practical fairness would indicate to the judge that an immediate appeal on a part of the issues would best serve the interests of justice. Although we believe that defendant could feel with good reason that this case presents such a situation, that decision is not for us to make, as it lies within the discretion of the trial court.

This appeal must therefore be dismissed. We mention, however, that if the trial court should decide to make the special finding rendering the injunction appealable under Rule 304(a), and the matter were again presented to this court, we would, on defendant's motion, permit the abstracts and briefs now on file to be transferred to the file of the new appeal without reprint.

Appeal dismissed.

LORENZ, P. J., and DRUCKER, J., concur.