The People of the State of Illinois *et al.*, Plaintiffs-Appellees, *v.* Eugene J. Mulgrew *et al.*, Defendants-Appellants—(Interstate Power Company, Defendant.)

(No. 72-316; 

Second District—May 8, 1974.

Elmer Gertz and Wayne B. Giampietro, both of Chicago, Thomas J. DeMik, of Freeport, and Bernard B. Morley, of Denver, Colorado, for appellants.

Eric S. DeMar, State's Attorney, and James W. Richardson, of Nack, Richardson & Nack, both of Galena, for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant Vegas Cinema, Inc., was found in contempt and fined $1,000 for violation of a mandatory permanent injunction, and seeks to appeal from the injunctional decree as well as the contempt finding. The defendant also appeals the trial court's order striking that portion of its notice of appeal appealing the injunction decree.

The plaintiffs, the People of the State of Illinois and the city of East Dubuque, filed a complaint on March 6, 1972, against Vegas Cinema, Inc., Eugene Mulgrew and the Interstate Power Company. The complaint sought an injunction against the maintenance of defendant's motion picture theatre in violation of certain fire regulations of the State of Illinois and an ordinance of the city of East Dubuque. The next day with defendant present a temporary injunction was issued. On April 11, 1972, defendant filed a motion to vacate the injunction alleging several constitutional and other grounds. A final hearing date was set and on April 19, 1972, defendant filed a motion to dismiss identical in substance to the motion to vacate previously filed. Thereafter, the plaintiffs acknowledged that some of the violations charged had been corrected, and on April 28, 1972, the day of the hearing, defendant filed an answer denying the remaining violations charged and incorporating the allegations of its motion to vacate.

At the hearing, defendant's motions to vacate and dismiss were heard first. These motions alleged, *inter alia* that the city of East Dubuque engaged in a course of conduct designed to harass the defendant in violation of defendant's right to equal protection of the laws under the Illinois and United States Constitutions by passing an ordinance requiring certain fire safety measures applicable only to defendant as the only theatre operator in East Dubuque; that the ordinance is impossible to comply with because it requires the defendant to install a sprinkler system with 6″ connections to the city's 4″ water main; that the ordinance does not promote the health and welfare of the community; that the ordinance is overbroad and vague; and that the city's actions constitute a prior restraint in violation of defendant's right to freedom of speech. Defendant's attorney argued at length the salient points urged in his motions, the plaintiffs replied, and the court denied the motions. No witnesses or evidence were presented in support of the motions.

The hearing then proceeded with testimony and other evidence being offered by the parties on whether the conditions of defendant's theatre violated the city ordinance and State fire regulations and whether an injunction should issue. At the conclusion of the hearing, the court found that the portion of the city ordinance which required sprinkler systems in theatres be serviced by 6″ water-main connections was partially in-

valid because the city's main servicing defendant's theatre was only a 4″ main, but decreed that defendant still must install a sprinkler system by connecting to the city's water system with 4″ instead of 6″ water main connections. The court also decreed, *inter alia* that pursuant to the city ordinance defendant should install a standard inside standpipe and fire alarm system; and further ordered that the temporary injunction restraining defendant from operating the theatre would automatically be vacated when certain minor repairs were made to the floor and the basement of the premises. Except for the findings of the violations mentioned in its order which were to be corrected, the court decreed that defendant was otherwise in conformity with the State fire rules and regulations and the city ordinance. The court in its order retained jurisdiction of the subject matter and of the defendants, Vegas Cinema and Eugene J. Mulgrew, "for the purpose of enforcing this decree and for such further proceedings herein as shall be required by the parties". The Interstate Power Company was dismissed as a party defendant.

The injunction decree was entered on May 8, 1972, and filed on May 9, 1972. No appeal or post-trial motions were filed by defendant within 30 days after the decree was filed.

On July 17, 1972, the plaintiff city of East Dubuque filed a petition to show cause why defendant should not be held in contempt for failure to install the sprinkler, standpipe and alarm systems. At the commencement of the hearing on the city's petition to show cause held on July 31, 1972, defendant sought to vacate a portion of the injunction decree on constitutional grounds, claiming that consideration of these grounds was reserved at the April 28 hearing and in the May 9 injunction decree. Defendant's motion to vacate attacked the city ordinance requiring construction and installation of a sprinkler, standpipe and fire alarm system in theatres because it allegedly denied defendant equal protection and due process of law. The court ruled that these matters were not reserved, and that defendant could not now raise them more than 30 days after the permanent injunction decree was entered. Defendant then made an offer of proof concerning the reasonableness of the city ordinance to show that even with a 4″ connection the sprinkler system would be expensive and still not workable; and that other establishments in the area which were more crowded than the theatre were not required to have sprinkler systems. The offer was rejected by the court and the hearing proceeded on the rule to show cause.

The manager of the theatre testified that the alarm and sprinkler systems had not been installed as required by the injunction; that an engineer had been consulted for the alarm system but defendant Vegas Cinema had ordered that nothing be done. Defendant offered further

testimony that the theatre seated only 84 persons and that no particular fire hazards were present; and also offered testimony to support the contention that the sprinkler system was not feasible. Defendant's attorney testified that he did not know whether the city ordinance requiring the alarm system was valid or would pose a major problem for the defendant; that if it were a valid requirement he would advise his client to install it; that he did not recall discussing the fire alarm requirement with anybody and did not know too much about it because everything seemed to center on the sprinkler system; and that he felt the prior injunctional decree did not give an appealable order so that he was required to wait to attack its constitutionality.

The court ruled that although the sprinkler system was necessary defendant had not wilfully disobeyed the court's previous order by failing to install it; but that there was no testimony to excuse the failure to install the alarm system. A $3,000 fine was imposed and a 10-day stay was granted for the defendant to install the alarm system without requiring that the theatre be closed. The petition to show cause was dismissed as to the defendant Eugene Mulgrew, the owner of the building housing the theatre.

Defendant promptly installed the alarm system and the court reduced the contempt penalty to $1,000. Thereafter on August 14, 1972, defendant filed a notice of appeal from both the injunction and contempt orders. Pursuant to the city's motion, the court struck that portion of the appeal appealing from the injunction order on the ground it was not timely filed and therefore a nullity.

On appeal, defendant contends that the trial court had no jurisdiction to strike its notice of appeal from the injunction decree; that the injunction decree should be reversed as based upon an unconstitutional ordinance; and that the contempt order was erroneously entered.

■■ The trial court was in error in assuming authority to strike a portion of the notice of appeal because it was not timely filed. Necessarily the trial court was deciding whether the May 9 injunction decree was a final appealable order. The issue of the finality and the appealability of the injunction decree to warrant dismissing part of the appeal must be decided here. *People ex rel. Doty v. Dusher* (1962), 24 Ill.2d 309, 310.

■■■ We conclude, however, that the decree granting a permanent mandatory injunction filed on May 9, 1972, was a final and appealable order, since except for its enforcement it adjudicated the outstanding issues raised by the pleadings and disposed of the litigation between the parties. (*Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill.App.3d 50, 51.) No post-trial motions having been filed, defendant's failure to appeal from the decree granting the permanent injunction within the 30-

day period following its entry prevents us from a review of the procedural and substantive aspects of the decree. (*Field v. Field* (1967), 79 Ill.App.2d 355, 358.) Defendant's motion to vacate the decree filed some 90 days after the decree's entry was not based upon changed conditions of law or fact and the injunction was not subject to impeachment in its application to the conditions that existed at the time it was entered. The injunction was therefore res judicata on the issues raised by defendant's motion to vacate filed on the eve of the contempt proceedings. *Field v. Field* (1967), 79 Ill.App.2d 355, 358-360; *The Burrows Co. v. Hollingsworth* (1953), 415 Ill. 202, 211-213.

Defendant's argument that the decree was not intended to be final because the court reserved the constitutional issues for further hearing is not borne out by the record. Plaintiffs' complaint, upon which the hearing for the injunction proceeded, was a complaint for a mandatory and permanent injunction requesting also that defendant be restrained from operating the theatre and for other relief which the court may deem meet. A temporary injunction had been granted on March 7, 1972, and defendant was given notice that a final hearing was to be held on the complaint. At the injunction hearing, defendant's motions to dismiss and vacate raised the same constitutional issues and defense presented by the motion to vacate defendant sought to argue at the contempt hearing. At the injunction hearing defendant's counsel argued his motions at length but did not seek to present any evidence in support of them or indicate he had any to present at that time. He made no attempt to secure a continuance to obtain such evidence. The court gave no indication in the record before us that at the time the motions were being heard it would not hear evidence presented in support of the motions. Defendant's attorney made no reference to any evidence in support of his motions that would be presented later in the hearing. In short, defendant's counsel seemed to be content to argue the motions on the basis of the city ordinance and the court's general knowledge.

At the conclusion of the argument on the motions and even during argument, the court made statements showing concern about the constitutional questions raised by the motions and argument. The court stated it felt the classifications in the ordinance being challenged were reasonable and denied rather than reserved ruling on the motions to dismiss and vacate. The statements in the record seized upon by defendant to show that the court was reserving ruling on constitutional issues are taken out of context and misinterpreted. Defendant's reliance on the language in the injunction decree retaining jurisdiction to show a reservation of ruling on issues raised by defendant is misplaced since such language is traditional to equity and appropriate in an injunction decree.

The inherent power of a court rendering a permanent injunction to enforce its decree and to modify or revoke the injunction for equitable reasons due to changed conditions is generally recognized, and does not import a lack of finality. (*Material Service Corp. v. Hollingsworth* (1953), 415 Ill. 284, 287.) Thus on the record before us we can come to no other conclusion than that the mandatory injunction filed May 9, 1972, was a final and appealable order from which defendant failed to prosecute a timely appeal.

The trial court found that defendant's failure to install a standard fire alarm system within the 60-day period specified in the mandatory injunction was a wilful and wanton act and placed Vegas Cinema in contempt. The failure to comply is not disputed. Defendant, however, contends that the record discloses that non-compliance was based on the belief that the injunction order was not final and appealable, that defendant moved in good faith to vacate the order and installed the system immediately after the contempt finding. Defendant further seems to argue that the admitted invalidity of that portion of the city ordinance requiring 6" water-main connections to 4" water mains to service the sprinkler system vitiated the entire ordinance, and thus precluded a contempt finding for violation of the injunction based on the ordinance as reconstructed by the lower court.

■■ The severability of the city ordinance and the authority of the lower court to rewrite portions of it to base an injunction upon it are questions that should have been raised in a timely appeal from the injunction decree. Even if we should assume without so deciding that the ordinance was invalid in total because a portion was invalid, such invalidity would not excuse the violation of the court's mandatory injunction. While an injunctional decree remains in force as an act within the court's jurisdiction and until it is overturned or modified by orderly processes of review, it must be obeyed even if erroneously entered (*United Mine Workers Union Hospital v. United Mine Workers* (1972), 52 Ill.2d 496, 500; *County of Peoria v. Benedict* (1970), 47 Ill.2d 166, 170; *Keck v. Keck* (1972), 8 Ill.App.3d 277, 282); and even if the claimed error concerns constitutional issues. (*Walker v. City of Birmingham* (1967), 388 U.S. 307, 18 L.Ed.2d 1210, 87 S.Ct. 1824; *Howat v. Kansas* (1922), 258 U.S. 181, 189-190, 66 L.Ed. 550, 559, 42 S.Ct. 277, 280-281; *Board of Junior College v. Cook County College Teachers Union* (1970), 126 Ill.App.2d 418, 426; *City of Chicago v. King* (1967), 86 Ill.App.2d 340, 349-355.) This is particularly true where, as here, the ordinance and the injunction based upon it are not challenged as an ex parte prior restraint on free speech. (See and compare dissents in *Walker v. City of Birmingham* (1967), 388 U.S. 307, 18 L.Ed.2d 1210, 87 S.Ct. 1824; see also Rendleman, 1973 Ill. L.F. 221.) Defendant was

found in contempt for failure to install a fire alarm system in its theatre as required by the ordinance and injunction, and having failed to prosecute a timely appeal from the injunctional decree is now in no position to question its validity here.

The trial court was clothed with large discretion in enforcing obedience to its orders and in determining the extent of the punishment for non-compliance. (*The Ash-Madden-Rae Co. v. International Ladies Garment Workers' Union* (1919), 290 Ill. 301, 306; *Board of Junior College v. Cook County College Teachers Union* (1970), 126 Ill.App.2d 418, 431-432.) The trial court's rejection of defendant's stated reasons for non-compliance with the injunction was not an abuse of discretion. The record before us fails to disclose any reasonable basis for defendant's belief that the injunctional decree was not a final order justifying disregard of its terms.

For the reasons stated, the order striking a portion of the notice of appeal is vacated and the appeal from the May 9, 1972, injunction order is dismissed. The judgment of contempt is affirmed.

Appeal dismissed in part; the judgment finding defendant in contempt is affirmed.

T. MORAN, P. J., and GUILD, J., concur.