JAMES WALKER *et al.*, Plaintiffs-Appellees, *v.* THE BOARD OF POLICE AND FIRE COMMISSIONERS OF THE CITY OF EAST ST. LOUIS, Defendant-Appellee.—(SANDRA MUCKENSTURM *et al.*, Intervenors-Appellants.)

Fifth District   No. 79-220

Opinion filed September 26, 1979.—Rehearing denied November 6, 1979.

Gomric & Kurowski, of Belleville (James J. Gomric and John J. Kurowski, of counsel), for appellants.

Jeanne Sathre, of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellees.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Plaintiffs-appellees have filed a motion to dismiss the appeal on the basis that the notice of appeal was not timely filed. The intervenors-appellants have filed an objection to the motion to dismiss. Both the motion and objection are supported by memoranda of law. We agree with plaintiffs that this case should be dismissed for failure of defendant to file a timely notice of appeal.

On January 16, 1979, the Board of Police and Fire Commissioners of the City of East St. Louis, Illinois, conducted an examination for police sergeant. On January 29, 1979, the plaintiffs filed a petition for an injunction in order to prevent defendant from certifying or promoting from the promotion list. The petition was based on alleged irregularities in the conduct of the examination. On February 13, 1979, intervenors, who received their position on the promotion list based upon their scores in the January 16, 1979, test, were granted leave to intervene. After a hearing on the complaint, the court found in its order of February 20, 1979, that plaintiffs were misled by defendant, which stated during the examination that certain examination questions would not be graded; in fact, answers to the questions were scored and used in determining the eligibility list for sergeant. The court further found that the grading and scoring of the examination was patently unfair and deprived the plaintiffs of their right to promotion from an eligibility list based upon competitive examination. The court ordered defendant to conduct a new examination within three weeks of the court's order. The examination was to be based on the same topics as was the examination of January 16, 1979. The court also ordered a permanent injunction, which restrained defendant from certifying a sergeant's promotion list based upon the January 19, 1979, list. Neither the intervenors nor the defendant filed a post-trial motion from the court's order.

On March 14, 1979, the intervenors filed a petition for a temporary restraining order, which requested the court to restrain defendant from certifying a promotion list based on the March 5, 1979, examination, which had been conducted pursuant to court order. The petition was amended on March 16, 1979. The petition alleged that the test scores of January 16, 1979, were valid and that the intervenors were denied equal protection of the law by requiring them to submit to an additional examination. After a hearing, the court denied intervenors' petition. On March 26, 1979, the intervenors filed the following notice of appeal:

"PLEASE TAKE NOTICE that the Intervenors, SANDRA MUCKENSTURM, ET. AL., hereby appeal from the order of this Court dated February 20, 1979, finding in favor of the plaintiff's and that the Intervenors further appeal from this Court's order denying their motion to restrain the defendant from certifying the promotion list for position of sergeant."

■■ The court's order of February 20, 1979, stated that a permanent injunction was to issue, which restrained defendant from certifying a sergeant's list based on the January 16, 1979, examination. As such, we believe that the court's order was a final judgment and resolved all issues between the parties. See *Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524; *People v. Mulgrew* (1974), 19 Ill. App. 3d 327, 311 N.E.2d 378.

Section 68.3(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.3(1)) provides: "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."

Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301), provides that no step is jurisdictional other than the filing of a notice of appeal, while Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)), provides that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or non-jury case, within 30 days after the entry of the order disposing of the motion." A timely filing of the notice of appeal is jurisdictional (*Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553).

The intervenors' original petition filed February 13, 1979, at paragraph five alleged that: "* * * said individuals may well be bound by any order or judgment affecting the certification of the eligibility list." They therefore recognize the binding effect that the original court order would have on their interests and if aggrieved should have then perfected their appeal from the court's first order entered February 20, 1979.

■■■ The issue in the case at bar is whether intervenors' petitions of March 14 and March 16 are post-trial motions. We consider it requisite under the language of Rule 303(a) that for a motion to qualify as a "post-trial motion" it must be one which specifically requests one or more types of relief authorized in subsection (1) of section 68.3 (rehearing, retrial, modification or variation of the judgment, or other relief). Intervenors contend that we should look to the substance of their March petitions rather than to the title and treat the petitions as a post-trial motion. We

have looked to the substance of their petitions, and it is our opinion that they cannot be construed as post-trial motions. The only relief requested is that the trial "[c]ourt enter a Temporary Restraining Order injoining the defendant, Board of Police and Fire Commissioners, from certifying a promotion list for the position of sergeant based on an examination on March 5, 1979." The only references to the court's order of February 20, 1979, are in terms of a factual recital and do not request the court to grant any relief from the February 20 order. Intervenors argue that at the hearing on March 16, 1979, they argued that they should be allowed to choose which score was higher in determining their place on the promotion list; therefore, this was an attack on the judgment of February 20. The foregoing was not raised in the intervenors' pleadings. The intervenors' petitions raise matters which should have commenced a new proceeding. Therefore, intervenors were trying to accomplish indirectly what they could not accomplish directly, the certification of the January 16, 1979, examination results. We conclude, therefore, that no post-trial motion was filed and no timely notice of appeal from the February 20, 1979, order was ever filed.

■■ On July 17, 1979, intervenors filed their brief. This brief raises issues concerning only the February 20, 1979, order and does not contain any issues attacking the March 16, 1979, order denying intervenors' petitions. Plaintiffs contend that because intervenors have not argued the denial of their petitions as error in their brief, they have waived any allegation of error in the trial court's denial of their petitions. We agree. Failure to argue a point in one's brief is a waiver of the point on review. *Svec v. Allstate Insurance Co.* (1977), 53 Ill. App. 3d 1033, 369 N.E.2d 205.

For the foregoing reasons, the plaintiffs' motion to dismiss the appeal is hereby granted.

Dismissed.

KARNS and KASSERMAN, JJ., concur.