J. L. SIMMONS COMPANY, INC., Plaintiff-Appellant, *v.* CAPITAL DEVELOPMENT BOARD, Defendant-Appellee.

Fourth District    No. 16937

Opinion filed July 24, 1981.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (John E. Fick, of counsel), for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

J. L. Simmons Company, Inc. (Simmons), filed a complaint in the circuit court of Macon County for the enforcement of an arbitration award. On the motion of the Capital Development Board (Board), the trial court ordered the complaint dismissed for lack of subject matter jurisdiction. Simmons appeals the dismissal.

The underlying dispute here concerned a contract between Simmons and the Board for construction of a gymnasium. A problem arose over the appearance of the gymnasium floor, and the Board did not release the retainage on the contract. As the matter could not be resolved, Simmons demanded arbitration. The Board refused to participate in the arbitration hearing. The arbitrator found for Simmons and awarded it a total of $13,800.51 as of September 9, 1980.

At issue is a clause in the parties' contract which incorporated a standard provision of the American Institute of Architects, Document A201 "General Conditions of the Contract for Construction." The portion of the provision relevant here provided that claims and disputes arising out of, or relating to, the contract or the breach thereof shall be decided by arbitration in accordance with the construction industry's Arbitration Rules of the American Arbitration Association then in force, unless the parties mutually agree otherwise. In the case at bar, there was no mutual agreement to forego arbitration.

■■ The sole issue upon appeal is whether the circuit court of Macon County had subject matter jurisdiction to enforce the arbitration award. Jurisdiction in a particular case is not only the power of the court to hear and determine the case, but also the power to grant the particular relief requested. Every act of the court beyond such jurisdiction is void. *Thayer v. Village of Downers Grove* (1938), 369 Ill. 334, 16 N.E.2d 717.

■■ The Illinois Court of Claims has exclusive jurisdiction to hear and determine all claims against the State founded upon any contracts entered into with the State of Illinois. (Ill. Rev. Stat. 1979, ch. 37, par. 439.8(b).) The Board is a State agency. (Ill. Rev. Stat. 1979, ch. 127, par. 773.) It is empowered to enter into contracts on behalf of the State to effectuate the

purposes of the Capital Development Board Act, subject to the Illinois Purchasing Act. (Ill. Rev. Stat. 1979, ch. 127, par. 779.02.) A suit brought against an officer or agency with relation to matters in which the defendant represents the State in action and in liability, even though the State is not a party to the record, is in effect a suit against the State. *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.

■■ ■ In the *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 413 N.E.2d 394, the defendant, as Director of Revenue, had withheld excessive fees for the collection of certain municipal taxes. The supreme court had remanded the cause to the circuit court with directions to fashion injunctive relief which would halt the withholding of the collection of such fees until the excess amount withheld had been compensated. In complying with that mandate, the circuit court awarded interest on the excess withheld. In reversing the award of interest, the opinion noted that interest is not to be awarded except where authorized by statute or agreement, and stated:

> "The claimed interest is a separate and distinct claim against the State of Illinois, and the order of the trial court ordering interest is, in effect, a judgment against the State of Illinois. The circuit court had no authority to enter a judgment or to fashion an equitable remedy for the collection of interest in this case. (See *Campbell v. Department of Public Aid* (1975), 61 Ill. 2d 1, 5.) By compelling the defendant to do acts in his official capacity which are not provided for by statute and to go beyond mere reparation for past 'illegal' conduct, this court would be taking action against the State in contravention of sovereign immunity. *Hudgens v. Dean* (1979), 75 Ill. 2d 353." (82 Ill. 2d 571, 580, 581, 413 N.E.2d 394, 398.)

We find that the instant action is such a suit against the State and can only be brought in the Court of Claims. The trial court was correct in finding that it lacked the necessary subject matter jurisdiction to enforce the arbitration award.

■■ Simmons argues that, by virtue of its contract, the Board has waived its right to have such suits decided by the Court of Claims. The State can consent to suit, but only through the affirmative action of the General Assembly. (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 344 N.E.2d 461; *Edelen v. Hogsett* (1969), 44 Ill. 2d 215, 254 N.E.2d 435.) An officer or agency of the State does not have the authority to waive laws that are for the benefit of this State. (*Talandis.*) Thus, this cause must be brought in the Court of Claims despite the Board's apparent agreement to subject any contract disputes to arbitration.

■■ Simmons points out that, when enacting the Uniform Arbitration Act

(Ill. Rev. Stat. 1979, ch. 10, par. 101 *et seq.*), the legislature did not exempt State agencies from the Arbitration Act's provisions. The Uniform Arbitration Act provides for enforcement of an arbitration award as a judgment in the circuit court. However, this Act does not apply to the Board here because the rights of the sovereign are never impaired by such general legislative enactments unless an intent is expressly declared in the statute. *Department of Revenue v. Appellate Court, First District* (1977), 67 Ill. 2d 392, 367 N.E.2d 1302.

The order dismissing Simmons' complaint is affirmed.

Affirmed.

WEBBER and YONTZ, JJ., concur.