EDGAR C. BUNDY, Plaintiff-Appellant, *v.* CHURCH LEAGUE OF AMER-ICA, *et al.*, Defendants-Appellees.

Second District No. 2—84—0129

Opinion filed July 19, 1984.

Ken E. North, of Solomon, Rosenfeld, Elliott & Stiefel, Ltd., of Chicago, for appellant.

John Westra, of Johnson & Westra, of Wheaton, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

This is an interlocutory appeal from the *sua sponte* order of the circuit court of Du Page County which dissolved the injunction entered in an agreed order nine months earlier. Because the trial court lacked jurisdiction to dissolve the injunction, we vacate the dissolution order and remand.

Plaintiff, Edgar C. Bundy, filed a complaint against defendants, Church League of America (CLA) and several individuals who are members of the CLA's board of directors, on March 16, 1983. The CLA is an unincorporated association organized for educational and literary purposes. Bundy had served as executive secretary, director, and member of the CLA, but his current status is part of the dispute giving rise to this action. The complaint alleged that defendants planned a meeting without proper notice or quorum as required by the CLA's bylaws, that proposed amendments scheduled for consideration by defendants would deprive the membership of its right to vote, and that defendants violated CLA's bylaws in purportedly removing Bundy from the CLA board. The original complaint was in two counts seeking declaratory and permanent injunctive relief. A motion was made later to add a third count which sought an accounting on the basis of alleged mismanagement.

On March 16, 1983, Bundy petitioned for and obtained from the circuit court a temporary restraining order (TRO) blocking the actions planned by defendant. On March 28, 1983, the TRO was continued un-

til April 20, 1983. On that date, the trial court entered an order which recited the provisions of an oral compromise reached by the parties. The order enjoined the parties from taking certain actions as provided for in their compromise agreement.

On December 13, 1983, defendants filed a petition for rule to show cause why Bundy should not be adjudged in contempt for certain alleged conduct which violated the agreed order of April 20. On January 17, 1984, after a hearing on that petition, the trial court found that no justiciable issues existed on the pleadings and on that basis denied the petition, dissolved the TRO and the April 20 injunction, dismissed Bundy's complaint without prejudice and granted him 28 days to file an amended complaint. The dissolution order had not been requested by either party.

On February 10, 1984, Bundy filed an amended complaint and an emergency motion for another TRO. The record does not indicate whether the TRO was granted, but does include a motion dated February 17 by defendants seeking dissolution of the TRO. On February 16, 1984, Bundy filed his notice of interlocutory appeal from the January 17 order.

On appeal, Bundy contends that the trial court lacked jurisdiction to enter its dissolution order and that the controversy is justiciable. Before reaching Bundy's contentions, we address defendants' assertions that this court lacks jurisdiction, that the appeal is moot, and that the appellate issues have been waived by Bundy's filing of an amended complaint.

Of the issues raised by the parties, of necessity the first which should be addressed is the jurisdiction of this court to hear the appeal. Bundy brings this appeal as an interlocutory one as of right under Supreme Court Rule 307 (87 Ill. 2d R. 307). Defendants contend that the order appealed from was a final order, not appealable under Rule 307.

The January 17 order dissolving the injunction also struck Bundy's complaint "without prejudice" and permitted Bundy 28 days to file an amended complaint. The order further specified that it was entered "without prejudice" to Bundy's possible right to retirement benefit payments from the CLA. On February 10, 1984, Bundy filed an amended complaint again seeking declaratory and injunctive, preliminary and permanent, relief. Bundy's notice of appeal was filed on February 16, 1984, and expressly invoked Rule 307.

■ Rule 307(a)(1) provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction ***." (87 Ill. 2d R. 307(a)(1).) The January 17 order dis-

solved the injunction but dismissed the complaint without prejudice. To be final, a dismissal order must be entered with prejudice. (*Peterson v. Tazewell County* (1975), 29 Ill. App. 3d 915, 330 N.E.2d 888.) Thus, the January 17 order was interlocutory and was appealable as of right pursuant to Rule 307.

Defendants rely upon *Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524. There, the appellate court dismissed an appeal from a permanent injunction because it was a final order which resolved fewer than all the claims rather than an interlocutory order. While Supreme Court Rule 301 permits appeals from final orders generally, Rule 304 permits appeals from final orders which resolve fewer than all claims only where the trial court expressly finds that there is no just reason for delaying enforcement or appeal. (87 Ill. 2d Rules 301, 304.) Like the present case, the trial court in *Statistical Tabulating* had not made such a finding. However, the present case is distinguishable in that the order appealed from is interlocutory as a whole rather than final as to the injunctive part. The January 17 order dismissed the whole complaint without prejudice, leaving the injunction issue open to further litigation.

■■ ■ Defendants also contend that this appeal is moot because the action which Bundy seeks to prevent by injunction, a meeting of the CLA board of directors in which that organization's bylaws are amended to eliminate member voting, has already taken place upon the dissolution of the injunction which had barred that action. A case can become moot when, pending the decision on appeal, events occur which render it impossible for the reviewing court to grant effectual relief due either party. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246.) There is nothing in the record to substantiate defendants' assertion that the CLA board has taken the action which had been prohibited by the agreed order. However, a reviewing court can take judicial notice of such events which, while not appearing in the record, disclose that an actual controversy no longer exists between the adverse parties. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246.) Furthermore, Bundy failed to obtain a stay of the January 17 order during the pendency of this appeal, as he might have done (see 87 Ill. 2d R. 305(b)(4)), and which would have prevented the CLA board's action. In the absence of such a stay, it is possible for events to render an appeal moot. See *Avondale Savings & Loan Association v. Amalgamated Trust & Savings Bank* (1979), 78 Ill. App. 3d 244, 397 N.E.2d 121.

However, Bundy's first contention is that the trial court lacked jurisdiction to dissolve the injunction. Every act of the court beyond its jurisdiction is void. (*People ex rel. Prince v. Graber* (1947), 397 Ill.

522; *J.L. Simmons Co. v. Capital Development Board* (1981), 98 Ill. App. 3d 445, 424 N.E.2d 821.) If we determine that the order dissolving the injunction is void for lack of jurisdiction, the injunction would have never lost its effect. In that event, the events asserted by defendants, if they occurred, could only have occurred in violation of the injunction. Since a determination of the validity of the trial court's order may indeed then have an effect upon the parties, an actual controversy still exists which warrants resolution by this court. Thus, with regard to the issue of the trial court's jurisdiction to enter the challenged order, this appeal could not have been rendered moot by the asserted events.

In the form of a motion to dismiss the appeal, defendants contend that Bundy, having filed an amended complaint following the dismissal of his complaint without prejudice, has waived any objection to the trial court's ruling on the former complaint. Bundy objects to the motion both as to the form of the motion and as to its merits. Because of our determination that the motion lacks merit, we need not address the sufficiency of the form of the motion.

■■■ Defendants correctly cite the rule that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints. (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150.) However, the appeal here is an interlocutory one aimed not at that part of the January 17 order dismissing the complaint, but rather at that part dissolving the injunction of April 20, 1983. Both the notice of appeal and Bundy's brief are framed with that limited objective. Thus, Bundy's filing of an amended complaint does not prevent his raising an objection to the dissolution of the agreed injunctive order.

Moreover, one of the objections raised by Bundy on appeal relates to the trial court's jurisdiction. A judgment, order or decree entered by a court which lacks jurisdiction of the parties or the subject matter or which lacks inherent power to make or enter the particular order involved is void and may be attacked at any time or in any court, either directly or collaterally. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108.) We deny defendants' motion to dismiss and turn our attention to the issue of the trial court's jurisdiction.

Bundy contends that the trial court lacked jurisdiction to dissolve the injunction because the injunction was a final order which was not modified or vacated by any of the statutorily prescribed means. He points out that no appeal or post-trial motion was filed within 30 days of the injunction and that no petition for relief from the judgment

pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) was ever filed.

The injunctive order of April 20, 1983, recited the provisions of an oral agreement entered by the parties in settlement of their dispute and "confirmed and ratified" those provisions as an order of the trial court. Even though the court stated that it retained jurisdiction of the matter, the order was file-stamped "Final Order, Case Closed."

■ With regard to the question of whether that order was final, a permanent injunction is a "final judgment" within the meaning of the Code of Civil Procedure and the Supreme Court Rules which set 30-day limits on the filing of post-trial motions and notices of appeal. (*Walker v. Board of Police & Fire Commissioners* (1979), 77 Ill. App. 3d 958, 397 N.E.2d 2; see Ill. Rev. Stat. 1983, ch. 110, par. 2—1203; 87 Ill. 2d R. 303.) The fact that the trial court has inherent power to enforce its decree and to modify or revoke the injunction for equitable purposes due to changed conditions, as recognized in the order here by the trial court's express retention of jurisdiction, does not import a lack of finality. *People v. Mulgrew* (1974), 19 Ill. App. 3d 327, 311 N.E.2d 378.

The injunction issued here was part of an agreed order. Such an order, while not a judicial determination of the parties' rights, is conclusive on the parties and can be amended or set aside by one of the parties only upon a showing that the order resulted from fraudulent misrepresentation, coercion, incompetence of one of the parties, gross disparity in the position or capacity of the parties, or newly discovered evidence. (*In re Haber* (1981), 99 Ill. App. 3d 306, 425 N.E.2d 1007.) From our reading of the cases, we have concluded that the fact that a permanent injunction is contained in an agreed order does not prevent it from being a final order. (See *Oak Park National Bank v. Dobson's, Inc.* (1979), 72 Ill. App. 3d 905, 391 N.E.2d 173; *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 309 N.E.2d 356.) In *Oak Park National Bank*, the consent order provided that judgment would be entered if certain payments were not made by a certain date. The appellate court resolved that it need not decide the question of the finality of the consent order, but noted that the order might be considered final because it terminated the litigation between the parties on the merits. The only argument that the court noted against finality was one not applicable to the agreed order here: that there remained an act to be performed before execution, albeit the virtually ministerial one of either dismissing the case or entering judgment pursuant to the order. In *Filosa*, the appellate court considered the propriety of the trial court's vacatur of a consent decree pursuant to section 72 of

the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72, now codified as Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), which dealt with relief from final orders, judgments and decrees. Although the vacatur was reversed, the opinion presumes, without addressing the question, that the consent decree was a final one for purposes of section 72. Thus, we hold that the April 20 injunctive order was a final order for purposes of determining the trial court's jurisdiction to enter the January 17 dissolution order.

Generally, after 30 days from the date of the rendition of a final decree, a circuit court loses jurisdiction to alter or set aside the decree, which becomes a conclusive adjudication; a trial court is without authority to grant relief after 30 days except as provided in section 2—1401. (*Williams v. A.E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 400 N.E.2d 724, *rev'd on other grounds* (1981), 83 Ill. 2d 559.) It need not be decided here whether section 2—1401 relief was appropriate because no petition for that relief was ever filed, the trial court did not base its dissolution order on that basis, and defendants do not argue that the dissolution order may be affirmed on that basis.

■■ ■ However, it has been established that trial courts have inherent power or jurisdiction to modify or dissolve their own injunctions, even after the lapse of 30 days, in order to meet changing additions of fact or of law. (*Material Service Corp. v. Hollingsworth* (1953), 415 Ill. 284; *Field v. Field* (1967), 79 Ill. App. 2d 355, 223 N.E.2d 551; *People ex rel. Illinois State Dental Society v. Norris* (1979), 79 Ill. App. 3d 890, 398 N.E.2d 1163.) The *Field* opinion included the following quote:

> " 'Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. ... On application to modify the decree, the inquiry is simply whether changes since its rendition are of sufficient importance to warrant such modification. However, the injunction, whether right or wrong, cannot on such a hearing be impeached in its application to the conditions that existed at its making.' " (*Field v. Field* (1967), 79 Ill. App. 2d 355, 359, 223 N.E.2d 551, 553, quoting 28 Am. Jur. *Injunctions* sec. 316 (1959).)

Since the cases speak in terms of "power" and "jurisdiction" (see, e.g., *Material Service Corp. v. Isaacs* (1962), 25 Ill. 2d 137, 139; *Mate-*

*rial Service Corp. v. Hollingsworth* (1953), 415 Ill. 284, 287-88, 112 N.E.2d 703, 705; *H.K.H. Development Corp. v. Metropolitan Sanitary District* (1968), 97 Ill. App. 2d 225, 247, 240 N.E.2d 214, 225; *Field v. Field* (1967), 79 Ill. App. 2d 355, 359, 223 N.E.2d 551, 553), we must conclude that a dissolution of a final injunctive order based on reasons other than those discussed is void for lack of jurisdiction.

■ The trial court's written order dissolving the injunction was based upon its finding that "no justiciable issues now exist before the Court in the existing pleadings." The court's only elaboration on its reasoning in its oral order was that "the matter is perhaps a matter of internal battle within the organization of the Church League of America." Whatever interpretation is given to the trial court's reasoning, it is clearly not based upon changes that had occurred since the rendition of the injunction in the controlling facts or the applicable law. Rather, the characterization of the controversy as an internal one within the CLA could just as easily have been made on April 20, 1983, when the injunction was issued. Even if the previously enumerated grounds for setting aside an agreed order (see *In re Haber* (1981), 99 Ill. App. 3d 306, 309, 425 N.E.2d 1007, 1009), are applicable to give a trial court jurisdiction to vacate an agreed injunctive order outside the context of a section 2—1401 proceeding, no such grounds were relied upon by the trial court here. Thus, the trial court had no jurisdiction to dissolve the agreed injunctive order at the time and on the basis that it purported to do so. Because the court's January 17 order was beyond the trial court's jurisdiction, that order was void. (See *J.L. Simmons Co. v. Capital Development Board* (1981), 98 Ill. App. 3d 445, 446, 424 N.E.2d 821, 822.) We emphasize that this holding means that the agreed injunctive order of April 20, 1983, is still in effect and has been since its rendition.

Because of our determination that the trial court's dissolution order was void for lack of jurisdiction, we need not address Bundy's second contention that the trial court erred in finding that no justiciable issues were presented in the pleadings.

We vacate the order of the circuit court of Du Page County which dissolved the agreed injunctive order, and we remand to that court for further proceedings, if any, consistent with this opinion.

Vacated and remanded.

UNVERZAGT, and REINHARD, JJ., concur.