RULEY, JUDGE:
This claim grows out of a written contract upon a printed form designated AIA Document A101, Owner-Contractor Agreement, incorporating AIA Document A201, General Conditions of the Contract for Construction, dated March 14, 1979, and duly executed by the claimant and respondent, respectively. The contract provides for the construction of a MultiPurpose Physical Education Facility at Marshall University, in Huntington, for a fixed sum of $3,162,173.00. The contract was approved by: the Director of the Purchasing Division; the Commissioner of the Department of Finance & Administration; and, finally, by the Attorney General on April 9, 1979. Paragraph 7.9.1 of the General Conditions, pertaining to Arbitration, provides:
*190 “All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. * * * The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.”
Subsequently, a dispute arose between the parties based upon a claim by Hughes-Bechtol that the respondent, on the one hand, had caused substantial delay in performance of the contract and, on the other hand, had refused to extend the time of performance. When amicable resolution of the dispute failed, Hughes-Bechtol filed a demand for arbitration at the Cincinnati Regional Office of the American Arbitration Association asserting a claim for damages in the sum of $932,-172.00. On December 12, 1980, it was served upon the respondent. An arbitrator was duly appointed and, at a hearing on February 10, 1982, it was determined that the dispute was arbitrable. A hearing upon the merits of the dispute began on March 18 and continued on March 19, April 9 and May 29, 1981. On June 9, 1981, an award was made to Hughes-Bechtol in the sum of $521,326.48 to which fees of $7,884.63 were added, making a total of $542,982.11. That item is included in the present claim of $1,275,570.70 which also includes other disputes between the parties.
The matter now is before this court upon the claimant’s motion for partial summary judgment enforcing the arbitration award. The gist of the respondent’s position in opposition to that motion is that the quoted arbitration provision of the contract is void and unenforceable because this court has exclusive jurisdiction of claims against state agencies such as the respondent and, for that reason, the respondent had no authority to agree to arbitration. The principal authority cited for that position is the case of J. L. Simmons Company, Inc., v. Capital Development Board, 424 N.E.2d 821 (Ill. 1981), a very similar case in which enforcement of an arbitration award was *191 denied because the Illinois Court of Claims has exclusive jurisdiction of the matter arbitrated. An examination of the Illinois Statute cited in that case, delineating the jurisdiction of its Court of Claims, Ill. Rev. Stat. 1979, Ch. 37, §439.8, and upon which the decision turned, however, discloses that it provides:
“The court shall have exclusive jurisdiction to hear and determine the following matters:
(b) All claims against the State founded upon any contract entered into with the State of Illinois.
In view of that statute, that decision could not have been otherwise. West Virginia has no similar statute.
West Virginia does have substantial statutory and case law on the subject of arbitration and, if nothing else is clear, it is certain that the policy of the law of this state favors arbitration. In Board of Education v. W. Harley Miller, Inc., -W.Va.-, 236 S.E.2d 439 (1977), our Supreme Court of Appeals stated:
“* * * Where parties to a contract agree to arbitrate either all disputes or particular limited disputes arising under the contract, and where the parties bargained for the arbitration provision, then, arbitration is mandatory, and any causes of action under the contract which by the contract terms are made arbitrable are merged, in the absence of fraud, with the arbitration award and the arbitration award is enforceable upon a complaint setting forth the contract, the arbitration provision, and the award of the arbitrators upon motion for summary judgment made at the proper time.
The important words in the new rule are that the agreement to arbitrate must have been ‘bargained for.’ * * *»
If the agreement to arbitrate in this case was not “bargained *192 for,” in view of its various approvals, it would be difficult to conceive one that was.
In addition, West Virginia Code, §55-10-1, provides:
“Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submissions may be entered of record in any court. Upon proof of such agreement out of court, * * * it shall be entered in the proceedings of such court; and thereupon a rule shall be made that the parties shall submit to the award which shall be made in pursuance of such agreement. * * *” (Emphasis supplied) .
The emphasized language “any court” plainly is broad enough to include this court and it is equally plain that the legislature could have excluded this court from the operation of that statute had it wished to do so.
Finally, the general law appears to be to the effect that a state or its agencies may enter a valid contract with a private party providing for the arbitration of disputes that may arise under the contract. See 5 Am. Jur. 2d “Arbitration and Award” §67 and also 81A C. J. S. “Arbitration” §168c, page 636, where it is stated:
“The parties to a contract for state improvements may agree to select an umpire or arbitrator to settle disputes as to the interpretation of the contract, and the rights of the parties thereunder, and his decision is binding in the absence of fraud or bad faith; * *
Since there is no assertion of fraud or bad faith in this case, this court is obligated to grant the pending motion and allow the award of $542,982.11. In addition, it appears proper to stay proceedings in this court as to the remaining matters in dispute pending their arbitration. See Zando, Martin & Milstead, Inc. v. State Building Commission, 13 Ct.Cl. 354 (1981).
Award of $542,982.11.