GRACEY, JUDGE:
This claim grows out of a written contract upon a printed form designated AIA Document A101, Owner-Contractor Agreement, incorporating AIA Document A201, General Conditions of the Contract for Construction, dated March 14, 1979, and duly executed by the claimant and respondent, respectively. The contract provides for the construction of a Multipurpose Physical Education Facility at Marshall University, in Huntington, for a fixed sum of $3,162,173.00. The contract was approved by: the Director of the Purchasing Division; the Commissioner of the Department of Finance & Administration; and, finally, by the Attorney General on April 9, 1979. Paragraph 7.9.1 of the General Conditions, pertaining to Arbitration, provides:
"All claims, disputes and other matters in question between the Contractor and the arising out of, or relating to, the Contract Documents or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitratim Association then obtaining unless the parties mutually agree otherwise. * * * The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."
Subsequently, a dispute arose between the parties based upon a claim by Hughes-Bechtol that the respondent, on the one hand, had caused substantial delay in performance of the contract and, on the other hand, had refused to extend the time of performance. When amicable resolution of a dispute failed, with reference to additional costs incurred after August 30, 1981, Hughes-Bechtol filed a demand for arbitration at the Cincinnati Regional Office of the American Arbitration Association. On October 26, 1982, a demand for arbitration was served upon the respondent. Arbitrators were duly appointed, and a hearing upon the merits was held on February 22, 1983. On February 28, 1983, an arbitration award was made to Hughes-Bechtol in the sum of $398,685.85 upon its claims against respondent arising after August 30, 1981, on the project.
The matter now is before this Court upon the "Claimant's Second Motion for Partial Summary Judgment" enforcing the arbitration award. The gist of the respondent's position, in opposition to that motion, is that the quoted arbitration provision of the contract is void and unenforceable because this Court has exclusive jurisdiction of claims against state agencies such as the respondent and, for that reason, the respondent had *57 no authority to agree to arbitration. The principal authority cited for that position is the case of J. L. Simmons Company, Inc. v. Capital Development Board, 424 N.E.2d 821 (Ill. 1981), a very similar case in which enforcement of an arbitration award was denied because the Illinois Court of Claims has exclusive jurisdiction of the matter arbitrated. An examination of the Illinois Statute cited in that case, delineating the jurisdiction of its Court of Claims, Ill. Rev. Stat. 1979, Ch. 37, 439.8, and upon which the decision turned, however, discloses that it provides:
"The court shall have exclusive jurisdiction to hear and determine the following matters: (b) All claims against the State founded upon any contract entered into with the State of Illinois. * * *"
In view of that statute, that decision could not have been otherwise. West Virginia has no similar statute.
West Virginia does have substantial statutory and case law on the subject of arbitration and, if nothing else is clear, it is certain that the policy of the law of this State favors arbitration. In Board of Education v. W. Harley Miller, Inc., 160 W.Va. 473, 236 S.E.2d 439 (1977) our Supreme Court of Appeals stated:
Where parties to a contract agree to arbitrate either all disputes or particular limited disputes arising under the contract, and where the parties bargained for the arbitration provision, then, arbitration is tory, and any causes of action under the contract which upon motion for s the proper time. By the contract terms are made arbitrable are merged, in the absence of fraud, with the arbitration award and the arbitration award is enforceable upon a complaint setting forth the contract, the arbitration provision, and the award of the arbitrators judgment made at [4]. The important words in the new rule are that the agreement to arbitrate must have been 'bargained for.' * * *"
If the agreement to arbitrate in this case was not "bargained for", in view of its various approvals, it would be difficult to conceive one that was. See also Barber v. Union Carbide Corporation, 304 S.E. 2d 353 (1983) .
In addition, West Virginia Code, 55-10-1, provides:
"Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submissions may be entered of record in any court. Upon proof of such agreement out of court, * * * it shall be entered in the proceedings of such court; and thereupon a rule shall be made that the parties shall submit to the award which shall be made in pursuance of such at. (emphasis supplied)"
The emphasized language 'any court' plainly is broad enough to include this Court and it is equally plain that the legislature could have excluded this Court from the operation of that statute had it wished to do so.
Finally, the general law appears to be to the effect that a state or its agencies may enter a valid contract with a private party providing for the arbitration of disputes that may arise under the contract. See *58 5 Am. Jur. 2d "Arbitration and Award" 67 and also 81A C. J. S. "Arbitration" 168c, page 636, where it is stated:
"The parties to a contract for state improvements may agree to select an umpire or arbitrator to settle disputes as t'o the interpretation of the contract, and the rights of the parties thereunder, and his decision is binding in the absence of fraud or bad faith;"
Since there is no assertion of fraud or bad faith in this case, this Court is obliged to grant the pending motion and allow an award of $398,685.85.
Award of $398,685.85.
Judge Lyons dissents and reserves the right to file a dissenting opinion.