BANK OF WHEATON *et al.*, Plaintiffs, v. THE VILLAGE OF ITASCA *et al.*, Defendants-Appellants (Chicago Title & Trust Company, as Trustee, *et al.*, Intervening Plaintiffs-Appellees).

Second District   No. 2—88—0490

Opinion filed January 13, 1989.—Rehearing denied February 14, 1989.

Michael W. Condon and Patrick K. Bond, both of Schirott & Associates, P.C., and Lawrence C. Traeger, both of Itasca (James R. Schirott, of counsel), for appellants.

Peter C. Woodford and Daniel J. Voelker, both of Seyfarth, Shaw, Fairweather & Geraldson, and Thomas T. Burke, of Burke & Ryan, both of Chicago (Jeffrey Jahns, of counsel), for appellees.

JUSTICE INGLIS delivered the opinion of the court:

This appeal involves a dispute regarding the continued validity of a 1970 annexation agreement entered into between plaintiff Bank of Wheaton, as trustee, and defendant, Village of Itasca. Plaintiffs, Bank of Wheaton as trustee under trust No. 1638, and Anastasia Spear and Catherine Kanzler as beneficiaries, brought the underlying action seeking to enjoin the Village from denying the continued validity of the annexation agreement beyond its original expiration date of November 3, 1975. The trial court entered two orders extending the agreement, the second of which extended the agreement indefinitely. Intervening plaintiffs, Chicago Title & Trust Company as trustee under trust No. 1087081, and Vantage Properties, Inc., subsequently purchased a parcel of the property covered under the annexation agreement and submitted plans for its development. The Village refused to approve the plans after concluding that a newly enacted zoning ordinance prohibited the contemplated construction. Intervening plaintiffs moved for summary judgment on the basis that the annexation agreement and a prior zoning ordinance incorporated within the agreement were applicable to development of the property. The Village countered with a petition to modify the court order indefinitely extending the agreement and sought to terminate the agreement. The trial court granted summary judgment in favor of intervening plaintiffs and held the new zoning ordinance inapplicable to the property. The court further denied the relief sought by the Village. The Village appealed, raising two issues: (1) whether the trial court erred in denying its petition seeking termination of the agreement; and (2) whether the trial court erred in granting intervening plaintiffs' motion for summary judgment and declaring the new zoning ordinance inapplicable to the property. For the reasons set forth below, we reverse the trial court's judgment granting intervening plaintiffs' motion for summary judgment and denying the Village's petition, and remand this cause to the trial court for further proceedings.

On November 3, 1970, the Village and Bank of Wheaton entered into an annexation agreement for 97 acres of property held in trust

by Bank of Wheaton. The agreement was entered into following a public hearing and approval by Village ordinance. The agreement provided that the property would be zoned under Itasca Zoning Ordinance No. 134—59, and that the Village would amend that zoning ordinance for development of the property in four tracts. Tract A was to be developed for single-family residence and classified R-1; tract B was to be developed for single-family residence and classified R-2; tract C was to be developed for general residence (multifamily) and classified R-3; and tract D was to be developed as a business district and classified B-2 subject to special uses. The agreement provided that the zoning ordinance in effect at that time would apply until the property was completely developed, "but in no event beyond five (5) years" from the date of the agreement. The agreement further stated that it would be binding for a "period of five (5) years from the date of execution." At the time the agreement was executed, Illinois law provided that annexation agreements were limited in duration to five years. Ill. Rev. Stat. 1971, ch. 24, par. 11—15.1—1.

In 1973, the Illinois legislature extended the limitation period for annexation agreements from 5 to 10 years. (Ill. Rev. Stat. 1973, ch. 24, par. 11—15.1—1.) The amended statute provided that previously executed annexation agreements were valid and enforceable for the effective period of the agreement or for 10 years from the date of execution, whichever was shorter. (Ill. Rev. Stat. 1973, ch. 24, par. 11—15.1—5.) However, the amended statute further provided that a previously executed annexation agreement could be extended at any time prior to its original date of expiration to a date of not more than 10 years from the date of its execution. (Ill. Rev. Stat. 1973, ch. 24, par. 11—15.1—5.) The record does not indicate any formal action by the Village to extend the duration of the 1970 agreement either before or after the original expiration date of November 3, 1975.

On October 1, 1974, the Village amended Itasca Zoning Ordinance No. 134—59 so as to permit the development contemplated in the annexation agreement. Development on tracts A and B began prior to the agreement's expiration. On May 1, 1976, the Village entered into a "Detention Basin Purchase Agreement" with the developer and an agent for plaintiffs for construction of a water detention basin. Although the water detention basin was not to be constructed on any of the property encompassed in the annexation agreement, it was contemplated that construction of the basin might require use of the property for storage of fill. The water detention basin and the development of 165 dwellings on tracts A and B were completed in the summer of 1977.

In January 1978, the Village adopted a resolution declaring that the 1970 annexation agreement was no longer binding. The Village thereafter scheduled a meeting to consider down—zoning the property encompassing tracts C and D. Plaintiffs brought an action to prevent the Village from down—zoning the property, but that action was dismissed on the basis that it was premature.

On May 9, 1978, plaintiffs submitted a plan for the development of tract C. The Village did not approve the submitted plan, and, on January 23, 1979, plaintiffs brought the underlying action seeking to enjoin the Village from denying the continued validity of the annexation agreement. Plaintiffs alleged that the Village's conduct in 1974 zoning the property to comply with the uses contemplated in the annexation agreement and its further permitting development on tracts A and B and construction of the water detention basin through 1977 barred the Village from denying the continued validity of the annexation agreement as to tracts C and D.

On December 4, 1979, the trial court issued a memorandum of decision. The court noted that plaintiffs and the Village relied on the continued operability and enforceability of the annexation agreement through November 3, 1975. However, the court found that construction of the water detention basin was responsible for delaying the development of plaintiffs' property beyond that date. Thus, the court concluded that, at least through September 1977, plaintiffs and the Village conducted themselves and each dealt with the other as if the annexation agreement were in continuing full force and effect. The court found that the annexation agreement was a viable contract until November 3, 1980. On December 19, 1979, the trial court entered an order in accordance with the terms of its memorandum of decision and extended the life of the annexation agreement to November 3, 1980. That order further stated that the extension was in accordance with the 10-year statutory limitations period then applicable to annexation agreements. On May 16, 1980, the court entered a second order recognizing an expiration date of November 3, 1980, and directing plaintiff to proceed with the development of tracts C and D "to the point of application for at least one building permit on each of the parcels" by that date.

On November 3, 1980, plaintiffs applied for a building permit for the development of a single-story office building on tract D. Plaintiffs did not pay the permit fee, and a dispute arose over issuance of the permit.

On September 9, 1981, the court entered an order directing the Village to issue plaintiffs a permit on payment of the fee for their

planned development of the single-story office building on tract D. That order further enjoined the Village from interfering with plaintiffs' development of tract D and provided that the annexation agreement "shall not be terminated by either party without court order." The court continued the matter for further proceedings. The Village subsequently issued the building permit, and plaintiffs constructed a single-story office building on tract D.

On August 22, 1983, the court entered an agreed order concerning plaintiffs' development of tract C. Plaintiffs proposed to resubdivide tract C and construct 180 homes on that location. The agreed order provided that the zoning requirements for tract C would be governed by "those in effect at the date of this order." The agreed order further provided that the annexation agreement and the court's orders of May 16, 1980, and September 9, 1981, would "remain in effect." The agreed order was signed by counsel for the Village and the Village president.

In May 1985, ownership of tract D was transferred to Chicago Title & Trust Company as trustee under trust No. 1087081, and Vantage Properties, Inc., who subsequently filed their petition to intervene in the pending litigation. The trial court entered an agreed order granting the petition and providing that intervening plaintiffs had acquired an interest in a portion of the property covered under the annexation agreement and were proper parties to future proceedings.

On August 6, 1985, pursuant to a comprehensive zoning study, the Village adopted Itasca Zoning Ordinance No. 594—85. The new ordinance limited the height of any building in a B-2 district to three stories or 45 feet, whichever was lower.

While the foregoing events transpired in the litigation, the Illinois legislature again extended the statutory limitations period for annexation agreements from 10 to 20 years. (Ill. Rev. Stat. 1985, ch. 24, par. 11—15.1—1.) The amended statute provided that previously executed annexation agreements were valid and enforceable for the term of the original agreement, but could be extended prior to the original expiration date for a period of up to 20 years. (Ill. Rev. Stat. 1985, ch. 24, par. 11—15.1—5.) The record does not indicate any formal action taken by the Village to extend the duration of the 1970 agreement.

On December 11, 1985, Vantage submitted its initial plans for development of tract D to the Village. Vantage subsequently provided the Village with revised plans for tract D which included construction of a 15-story hotel, 21-story office building, and five-story parking structure. Vantage submitted a zoning certificate request to the Village on February 3, 1987, and, following a hearing before the Itasca

Plan Commission, Vantage's request was denied. The Village concluded that the plans were not consistent with the height limitations of the new zoning ordinance or the intent of the ordinance existing at the time that the annexation agreement was executed.

Intervening plaintiffs then filed their petition for declaratory, injunctive, and other relief. Intervening plaintiffs subsequently moved for partial summary judgment on counts I and IV of their petition seeking a declaration from the court that Itasca Zoning Ordinance No. 549—85 was inapplicable to development of tract D. The Village countered with its petition for modification of the court's September 9, 1981, order and sought to terminate the annexation agreement. In its petition and supplemental brief in support of the petition seeking termination of the annexation agreement, the Village alleged that the annexation agreement was obsolete because of changed circumstances. The parties agree that the trial court denied each the relief sought; however, no such order can be found in the record. Intervening plaintiffs subsequently filed an amended petition and again moved for partial summary judgment on count I.

On April 14, 1988, the trial court granted intervening plaintiffs' partial motion for summary judgment and found that the Village could not unilaterally impose the height limitations in the new zoning ordinance to tract D in contravention of the annexation agreement. In so ruling, the court stated that the Village's allegations of changed circumstances rendering the annexation agreement obsolete were not relevant. On May 5, 1988, the court amended the April 14, 1988, order to include the denial of the Village's petition seeking modification of the September 9, 1981, order and termination of the annexation agreement. The court's order provided that its rulings were final and appealable. The Village brought this appeal on May 13, 1988.

The Village first contends that the trial court erred in denying its petition to modify the September 9, 1981, order and terminate the 1970 annexation agreement. We agree.

We initially note that at the time the annexation agreement in the instant action was executed, annexation agreements were limited in duration by statute to a maximum term of five years. (Ill. Rev. Stat. 1971, ch. 24, par. 11—15.1—1.) A 1973 amendment of that statute extended the permissible duration of annexation agreements to 10 years, but further provided that previously executed annexation agreements were valid and enforceable for either 10 years or for the term stated in the agreement, whichever was shorter. (Ill. Rev. Stat. 1973, ch. 24, pars. 11—15.1—1, 11—15.1—5.) Although the corporate authority was permitted to extend the term of a previously executed

annexation agreement to the new statutory maximum through an amendment passed by Village ordinance and pursuant to formal procedures followed by the Village (see Ill. Rev. Stat. 1973, ch. 24, par. 11—15.1—3), the record in the instant action indicates that the Village did not take any steps to extend the duration of the 1970 annexation agreement beyond its scheduled expiration date of November 3, 1975.

■■ ■ Notwithstanding the absence of a formal amendment extending the duration of the 1970 annexation agreement, the trial court extended the terms of the annexation agreement through its equitable powers. It is well settled that a court of equity may extend the terms of an agreement, including its duration, where it would be inequitable to do otherwise. (See *Bennett & Kahnweiler Associates v. Ratner* (1985), 133 Ill. App. 3d 316, 319-21.) Parties to an agreement may waive delays in performance by conduct which indicates an intention to regard the agreement as still in force and effect. (*Swerdlow v. Mallin* (1985), 131 Ill. App. 3d 900, 904; *Botti v. Avenue Bank & Trust Co.* (1982), 103 Ill. App. 3d 1052, 1054; *Kitsos v. Terry's Chrysler-Plymouth, Inc.* (1979), 70 Ill. App. 3d 728, 731.) This is true even where the agreement provides that extensions must be in writing or where time is of the essence. (*Kitsos*, 70 Ill. App. 3d at 731.) In such a case, the court may extend the term of the agreement for a "reasonable time," and what constitutes a reasonable time is a question of fact. 70 Ill. App. 3d at 732.

Pursuant to its equitable powers, the trial court in the instant action extended the duration of the annexation agreement, first to November 3, 1980, and subsequently until further order of the court. While we question the propriety of the second extension entered on September 9, 1981, which purports to give the annexation agreement an indefinite life, we note that the Village did not appeal that order and that issue is not before us.

■■ ■ However, because the September 9, 1981, order enjoined the Village from terminating the annexation agreement until further court order, the Village was entitled to seek relief from that injunction at any time through a petition for modification or dissolution of the injunction. Courts of equity have the inherent power to modify or dissolve their injunctions where the court finds that the law or facts have changed and equity no longer justifies a continuance of the injunction. (*Benson v. Isaacs* (1961), 22 Ill. 2d 606, 609; *Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 806; *Field v. Field* (1967), 79 Ill. App. 2d 355, 359.) The *Field* court noted:

" 'Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it

may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. *** On application to modify the decree, the inquiry is simply whether changes since its rendition are of sufficient importance to warrant such modification. However, the injunction, whether right or wrong, cannot on such a hearing be impeached in its application to the conditions that existed on its making.' " (*Field,* 79 Ill. App. 2d at 359, quoting 28 Am. Jur. *Injunctions* §316 (1959).)

Thus, to be entitled to relief from an injunctive order, the moving party must show a change in circumstances. See *Benson,* 22 Ill. 2d at 609.

█ In the instant action, the Village's petition, albeit inartfully captioned, clearly sought dissolution of the injunction barring it from terminating the 1970 annexation agreement. The order enjoining the Village from terminating the 1970 annexation agreement stated on its face that the annexation agreement could not be terminated by either party without order of the court, and therefore contemplated dissolution by the court at some future proceeding. In its petition and brief filed in support of that petition, the Village alleged that there had been a change in circumstances warranting such relief. Notwithstanding these allegations, the trial court did not hear any evidence on the alleged change in circumstances and expressly ruled that any such changes were not relevant. We find the trial court's ruling in this regard to be error. We note that in granting intervening plaintiffs' motion for summary judgment, the trial court *relied* on the continued existence of the annexation agreement. However, had the court conducted an evidentiary hearing in considering the changed circumstances alleged by the Village and concluded that the injunction continuing the annexation agreement was no longer warranted, then the basis underlying the court's order granting summary judgment would no longer stand. Thus, before the court ruled on intervening plaintiffs' motion, it should have first conducted a hearing on the Village's petition to determine what, if any, circumstances have changed to warrant termination of the injunction continuing the annexation agreement.

Accordingly, the orders granting summary judgment in favor of intervening plaintiffs and denying the Village's petition are reversed. This cause is remanded for a hearing on the Village's petition to de-

termine whether the injunction continuing the annexation agreement should be dissolved.

Reversed and remanded.

REINHARD and DUNN, JJ., concur.