STEWART McNAMES *et al.*, Plaintiffs-Appellees, v. ROCKFORD PARK DISTRICT, Defendant-Appellant (The City of Rockford *et al.*, Defendants).

Second District   No. 2—88—0881

Opinion filed June 23, 1989.

292

G. Michael Scheurich, of Guyer & Enichen, of Rockford, for appellant.

Elizabeth F. Canfield and Robert R. Canfield, both of Canfield Law Offices, of Rockford, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

This appeal is brought by the Rockford Park District (District), contending it has the statutory authority to provide shooting-range facilities as a recreational activity. We agree and reverse and remand.

Plaintiffs, neighbors of certain park lands administered by the District, brought this suit to enjoin defendant from leasing land to the Pine Tree Pistol Club (Club) for its exclusive use as a shooting range and to permanently enjoin the District from otherwise constructing and operating an indoor and outdoor pistol and rifle target-shooting range. Plaintiffs argued in separate counts that the District had no statutory authority to engage in such activities and that the range would be a nuisance and deprive plaintiffs of the peaceful enjoyment of their property. Plaintiffs additionally alleged that the range would interfere with the flood drainage system for which this 25-acre parcel of land was intended; this allegation was later withdrawn.

On March 17, 1988, the trial court granted summary judgment in favor of plaintiffs on the lease issue, finding that the District could not lawfully sell or lease land to the Club (Ill. Rev. Stat. 1987, ch. 105, par. 10—7) and dismissing the Club from the suit.

After trial, the court made the following factual findings, that, *in-*

*ter alia,* (1) maintaining a pistol and rifle shooting facility is an inherently dangerous activity and is not set forth as an authorized power of a park district under the Park District Code (Code) (Ill. Rev. Stat. 1987, ch. 105, par. 8—10); (2) pistol and rifle shooting and target practice constitute a recreational activity; and (3) a proposed, indoor target-shooting facility would not constitute a private nuisance. The court did not address whether the proposed outdoor shooting range was a nuisance. The court concluded, as a matter of law, that the District has no specific, statutory authority to conduct a recreational target-shooting facility and permanently enjoined the District from conducting, building, or operating any indoor or outdoor shooting range upon the specific premises legally described in the order.

The District appeals from the order enjoining the construction and operation of the proposed shooting facility, arguing that it has the statutory authority to construct and operate such facilities and that this is solely a question of law.

■ Plaintiffs conceded in answers to interrogatories that the issue is one of law, but contend that the failure to provide this court with a sufficient record requires affirmance. While we recognize the responsibility of an appellant to provide a sufficiently complete record of the trial proceedings to support a claim of error, the absence of the report of proceedings here will not bar our review as the issue we address is solely a question of law and does not involve evidentiary issues. (See *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 347.) The pleadings contain the legal issue to be resolved.

Defendant has appended to its brief an uncertified record of the proceedings during which the trial court briefly discussed its findings; such matter is outside the record, and we have not considered it.

In arguing that it has the implied power to construct and operate target-shooting ranges, the District relies on the grant of powers found in section 8—10 of the Code, which states:

"All park districts shall have power to plan, establish and maintain recreational programs, provide musical concerts, to construct, equip and maintain airports, landing fields for aircraft, armories, field houses, gymnasiums, assembly rooms, comfort stations, indoor and outdoor swimming pools, wading pools, bathing beaches, bath houses, locker rooms, boating basins, boat houses, lagoons, skating rinks, piers, conservatories for the propagation of flowers, shrubs, and other plants, animal and bird houses and enclosures, athletic fields with seating stands, golf, tennis, and other courses, courts, and grounds,

and the power to make and enforce reasonable rules, regulations, and charges therefor. The *express enumeration* of each of the foregoing recreational facilities and equipment which park districts are herein given the power to provide *shall not be construed as a limitation* upon said park districts, *nor prohibit any park district from providing any other facilities or equipment which may be appropriate for park purposes in any park of said district, nor shall the same in any way be held to limit the power and authority conferred upon park districts under other sections of this code.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 105, par. 8—10.

Defendant argues that the specific enumeration of permitted recreational programs and facilities is not meant to exclude shooting ranges as an implied, permissible activity. Alternatively, defendant argues that the provision for armories is express authority to permit park districts to build or operate shooting ranges and that, in any event, the Code does not distinguish between inherently dangerous activities and other activities appropriate to park uses.

What constitutes an appropriate recreational purpose as applied to any park district depends necessarily on the legislative grant of authority contained in section 8—10. The focus of our inquiry is whether this statute grants authority for a shooting range.

■■ ■ We have found no Illinois cases directly addressing this question. "In construing a statute provision not yet judicially interpreted, a court is guided by both the plain meaning of the language in the statute as well as legislative intent. [Citations.] The statutory language is the best indication of the intent of the drafters." (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 245.) Recently, in *Town of Libertyville v. Blecka* (1989), 180 Ill. App. 3d 677, this court set forth the following principles of statutory construction:

> "When a statute contains language with an ordinary and popularly understood meaning, the courts will assume that its meaning was intended by the legislature. (*People v. Haywood* (1987), 118 Ill. 2d 263.) When interpreting a statute, the courts must give the language of the statute its plain and ordinary meaning. (*Maloney v. Bower* (1986), 113 Ill. 2d 473.) The legislature has the power to define terms within a statute in any reasonable manner. (*Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443.) If the statutory language is clear and unambiguous, the court must give effect to that language. *Maloney*, 113 Ill. 2d at 479." *Town of Libertyville*, 180 Ill. App. 3d at 680.

■ The court in *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, stated, "It is well established that the function of the courts in construing statutes is to ascertain and give effect to the intent of the legislature. [Citations.] In ascertaining the intent of the legislature, the court examines the entire statute and seeks 'to determine the objective the statute sought to accomplish and the evils it desired to remedy.' " (*Harris*, 111 Ill. 2d at 362, quoting *Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 341.) "The courts also will avoid a construction of a statute which would render any portion of it meaningless or void." *Harris*, 111 Ill. 2d at 362-63.

■ The trial court found that the proposed activities were recreational activities. Having made such a factual finding, the court reviewed the specifically enumerated recreational uses and determined the proposed recreational activity was not enumerated, and, thus, it was not statutorily authorized. The court failed to consider the broad and liberal language contained in the second sentence of section 8—10. A fair and reasoned reading of section 8—10 requires us to conclude that any activity found to be recreational is authorized. To rule otherwise is to judicially excise a substantial portion of section 8—10 and to place all nonenumerated recreational activities beyond the abilities of all park districts to provide. This statute has not been effectively amended since 1929. We are of the opinion that, if the legislature felt that the language of section 8—10 was overly broad, it would have seen fit to amend section 8—10 sometime within the last 60 years.

The legislature has given park districts authority to provide recreational activities without reservation , and the law has remained constant for over 60 years. So long as a court determines that the activity is recreational, the only limitation under section 8—10 is the proper exercise of discretion by each individual park district, *i.e.*, a determination by the park district that the recreational activity is appropriate for any park in the district. The trial court erred when it found no grant of statutory authority.

Lest this opinion be misconstrued, we have determined the park district has the authority under section 8—10 to provide pistol and rifle shooting ranges. We were not requested to address, nor do we address, the effect of the exercise of the police powers of the State and units of local government upon a particular recreational activity exercised in a particular park.

The arguments raised by the District concerning "armories" need not be addressed based upon the above.

As previously noted, the trial court found that pistol and rifle shooting and target practice constitute a recreational activity and that the proposed indoor target–shooting-range facility would not constitute a nuisance. Based upon the rulings of the trial court, the plaintiffs have failed to sustain their burden of proof, and judgment as to the indoor target-range facility should have been entered in favor of the District. The trial court did not determine if the outdoor target-range facility would or would not constitute a nuisance. Therefore, this cause is remanded to the trial court to enter judgment in favor of the District regarding the proposed indoor target facility and for the court's determination as to whether or not the outdoor target facility is a nuisance.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded.

Reversed and remanded.

DUNN and LINDBERG, JJ., concur.