AMERICAN INSTITUTE OF REAL ESTATE APPRAISERS OF THE NATIONAL ASSOCIATION OF REALTORS, Plaintiff-Appellee, v. NATIONAL REAL ESTATE ASSOCIATION, INC., *et al.*, Defendants (William R. Fowler, Jr., Defendant-Appellant).

First District (1st Division)   No. 1—88—1945

Opinion filed November 20, 1989.

Terrance J. Coughlin, of Chicago, for appellant.

Matthew J. Iverson, of Burditt, Bowles, Radzius & Ruberry, Ltd., of Chicago, for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from an action for injunctive relief brought by the American Institute of Real Estate Appraisers (plaintiff) against National Real Estate Association (NREA), Trihedron International Assurance, Limited (Trihedron), and William Fowler (defendant) predicated upon violations of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 311 *et seq.*) and the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*). The circuit court entered a permanent injunction against defendant and Trihedron after they failed to appear and subsequently denied defendant's motion to modify the injunction, which he had filed more than 30 days from the entry of the permanent injunction.

On appeal of the circuit court's denial of his motion under Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)), which allows an appeal from an interlocutory order of court refusing to dissolve or modify an injunction, defendant contends that the circuit court erred in holding that it lacked jurisdiction to grant the requested relief. Additionally, defendant argues the merits of the action, contending that the injunction should be rescinded or modified because plaintiff did not have standing to seek injunctive relief and because the injunction is vague and overbroad. For reasons set forth below, defendant's contentions regarding the merits of this action are not properly before this court and will not be addressed in this appeal. As to the circuit court's jurisdictional ruling, we reverse.

On March 12, 1987, plaintiff served defendant with a summons and complaint of its action seeking "a temporary restraining order and therefore preliminary and permanent injunction against [NREA], [Trihedron], [defendant], and anyone acting by or on their behalf, from offering errors and omissions insurance policies to real estate appraisers in a manner violative of the Illinois Uniform Deceptive Trade Practices Act" and the "Illinois Consumer Fraud and Deceptive Business Practices Act." On March 31, 1987, defendant was served with the circuit court's order entering a preliminary injunction against

him following his failure to appear after proper notice of the hearing on plaintiff's preliminary injunction motion.

Defendant again failed to appear at the hearing on plaintiff's motion for a permanent injunction on November 30, 1987, despite proper notice of the hearing. On December 1, 1987, the circuit court issued a default judgment against defendant and Trihedron and continued the action as to NREA after it appeared and defended the action. The permanent injunction entered against defendant, similar to the language in the preliminary injunction previously served upon him, provided:

> "[Defendant], his agents and attorneys and all persons acting in concert and participation with him, are permanently enjoined from offering, either directly or indirectly, errors and omissions policies to real estate appraisers."

After defendant was served with the permanent injunction, he appeared in the circuit court on March 11, 1988, at which time the circuit court granted defendant leave to file a motion to modify or rescind the December 1, 1987, injunction. Following defendant's written motion and supporting affidavit, the circuit court denied defendant's motion on May 23, 1988.

██ ■ A permanent injunction is a "final judgment," subjecting it to the 30-day time limits for filing post-trial motions and notices of appeal under the Illinois Code of Civil Procedure and supreme court rules. (*Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 805, 466 N.E.2d 681, 685; *Walker v. Board of Police & Fire Commissioners* (1979), 77 Ill. App. 3d 958, 960, 397 N.E.2d 2, 4; Ill. Rev. Stat. 1987, ch. 110, par. 2—1203; 107 Ill. 2d Rules 303, 304(a).) Under the general rule relating to final judgments, a circuit court is divested of jurisdiction to grant post-trial relief after 30 days unless a party, who has filed a section 2—1401 petition within two years of the entry of the judgment, satisfies that section's "due diligence" and "meritorious defense" requirements. (*Burton v. Estrada* (1986), 149 Ill. App. 3d 965, 971, 501 N.E.2d 254, 258-59; *Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 241, 454 N.E.2d 806, 810; Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) To satisfy the "due diligence" requirement, a movant must show that the judgment was not entered due to his own inexcusable neglect and that the movant was diligent in presenting the post-judgment petition. *Burton*, 149 Ill. App. 3d at 971, 501 N.E.2d at 259.

■ An exception to the above rule is that circuit courts have jurisdiction, or inherent power, to modify or dissolve their own injunctions after the lapse of the 30-day limit. (*Bundy*, 125 Ill. App. 3d at

806, 466 N.E.2d at 686; *Field v. Field* (1967), 79 Ill. App. 2d 355, 359, 223 N.E.2d 551, 553.) The circuit court's jurisdiction in these circumstances, however, is limited to determining whether changes in the applicable law or facts since the rendition of the judgment warrant a modification of the terms of the injunction. It does not include the power to inquire into the propriety of the procedural and substantive aspects of the judgment as to conditions existing at the time of the entry of the judgment. *Bundy*, 125 Ill. App. 3d at 806-07, 466 N.E.2d at 686-87; *People v. Mulgrew* (1974), 19 Ill. App. 3d 327, 331, 311 N.E.2d 378, 382; *Field*, 79 Ill. App. 2d at 358-60, 223 N.E.2d at 553.

In the case at bar, defendant has failed to appeal within the 30-day period for post-judgment relief after proper notice of the judgment. It is apparent that defendant is not entitled to post-judgment relief under section 2—1401: Not only has defendant failed to file a section 2—1401 petition in this action, he has not attempted to establish section 2—1401's "due diligence" prerequisite that his failure to defend the action or appeal the judgment is not attributable to his own inexcusable neglect.

■ Nonetheless, defendant contends that he is entitled to relief based upon the circuit court's inherent power to modify its own injunction. As stated above, such relief is dependent upon a showing of a change in facts or law since the issuance of the injunction to warrant a modification of the injunction's terms. The circuit court determined that defendant did not demonstrate a change in facts or law which would warrant a modification of the injunction's prohibition against defendant's ever offering errors and omissions insurance to real estate appraisers. In reviewing the circuit court's ruling, we are mindful that a circuit court's decision to grant or deny injunctive relief is discretionary and should not be reversed absent an abuse of discretion. *Talbert & Mallon, P.C. v. Carlson* (1988), 170 Ill. App. 3d 698, 525 N.E.2d 141; *Toushin v. City of Chicago* (1974), 23 Ill. App. 3d 797, 320 N.E.2d 202.

■ Defendant argues that he demonstrated a change in facts to warrant a modification of the injunction's terms, since the only allegations in plaintiff's complaint against him are directed at his association with Trihedron as authorized representative and his supporting affidavit indicates that "as of and prior to March 1, 1988, NREA no longer promotes Trihedron errors and omissions coverage to NREA members." Plaintiff's complaint discloses allegations that NREA's promotional materials in connection with its soliciting real estate appraisers for errors and omissions policies underwritten by Trihedron,

an undercapitalized, offshore carrier, constituted misleading and false advertising. It sought to enjoin NREA, Trihedron, and defendant, as NREA's agent and Trihedron's authorized representative, from future deceptive practices in the offering of errors and omissions insurance policies.

By asserting that he had discontinued his relationship with Trihedron and his promotion of those materials since the rendition of the judgment, defendant here attempted to show a change in the very facts which formed the basis of the complaint against him and which underlie the permanent injunction. We find that the circuit court abused its discretion in finding these changes in facts would not warrant a modification of the injunction and in failing to conduct an evidentiary hearing to determine the propriety of defendant's claims. Without delving into the appropriate relief to be given upon a finding of a change in circumstances, as should be properly left for the circuit court, we remand this case to the circuit court with instructions to conduct an evidentiary hearing consistent with this opinion.

Reversed and remanded with directions.

MANNING, P.J., and O'CONNOR, J., concur.