579 N.E.2d 19 (1991)
218 Ill. App.3d 583
161 Ill.Dec. 762
In re B.H., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
David Hansen and Danette Hansen, Respondents-Appellants).
No. 2-90-1169.
Appellate Court of Illinois, Second District.
September 9, 1991.
*20 Lisa M. Rove, Gallagher, Klein & Brady, DeKalb, for Hansen, David and Danette.
Michael P. Coghlan, DeKalb County State's Atty., Sycamore, William L. Browers, Deputy Director, State's Attys. Appellate Prosecutor, Marshall M. Stevens, State's Attys. Appellate Prosecutor, Elgin, for the People.
Justice McLAREN delivered the opinion of the court:
Respondents, David and Danette Hansen, appeal from the trial court's order which refused to vacate an adjudicatory order which found their daughter neglected. The trial court refused to consider respondents' motion to vacate on the basis that the motion was filed more than 30 days after the oral order of adjudication had been entered. Respondents claim the court was in error pursuant to Supreme Court Rule 272 (134 Ill.2d R. 272) because respondents did file their motion to vacate within 30 days of the written order of adjudication. We vacate, reverse and remand to the trial court.
On April 11, 1990, the State filed a petition for adjudication which alleged four counts of neglect and two counts of abuse against the minor, B.H. Respondents are the parents of B.H. On June 20, 1990, a hearing was held during which respondents appeared in court and admitted to count B of the petition. Count B stated that the "minor was neglected based upon parental failure to provide proper and necessary support or care, in that minor was diagnosed for failure to thrive."
On the State's motion the remaining counts were dismissed. A docket sheet entry for June 20, 1990, states, among other things, that the court accepted respondents' admission, the cause was continued until August 15, 1990, for a dispositional hearing, the minor was to stay in foster care, and the Department of Children and Family Services (DCFS) was to investigate whether the minor should be placed with the grandparents or respondents. A written order was entered on June 20, 1990, ordering DCFS to investigate where the minor should be placed. Also on June 20, 1990, Danette Hansen's attorney was allowed to withdraw, and a new attorney was appointed for her according to the docket sheet and in a separate written order. However, the docket sheet also contained the separate entry, dated June 20, 1990, that "ORD TO BE FILED."
On July 25, 1990, the trial court entered a written order of adjudication which found that the minor was neglected and continued the matter for a dispositional hearing on August 15, 1990. On August 3, 1990, the court on its own motion continued the cause until September 19, 1990.
On August 22, 1990, respondents filed a motion for a substitute attorney. This motion was signed by respondents, by their previous attorney, and their new attorney. The new attorney entered his appearance on August 22, 1990. Also, on August 22, 1990, a motion to vacate the adjudicatory order was filed by respondents. In it, they alleged that their child had been misdiagnosed with failure to thrive syndrome by Dr. Mark Drendel. Respondents now had newly acquired medical evidence which contradicted *21 the original diagnosis. Specifically, Dr. Bruce Mer of the Rockford Clinic informed the foster parents that there was no evidence of failure to thrive, and after B.H.'s adenoids were removed and tubes were inserted, her condition greatly improved. Respondents also claimed that they would not have admitted neglect if they had known that Dr. Drendel's diagnosis had been inaccurate or that, by admitting to neglect, they would not have been given immediate custody of B.H.
On September 19, 1990, the trial court denied respondents' motion to vacate on the basis that it was filed more than 30 days after the adjudicatory hearing which was held on June 20, 1990. A dispositional hearing was apparently also held on September 19, 1990, and the minor was placed with her father. On September 21, 1990, the written dispositional order was entered which made B.H. a ward of the court and gave legal custody and guardianship to David Hansen.
Respondents appeal, claiming that the trial court erred in refusing to consider their motion to vacate because it was filed more than 30 days after the adjudicatory hearing. Respondents contend that pursuant to Supreme Court Rule 272 the order of adjudication was not a final order until the written order was filed on July 25, 1990; thus, their motion to vacate the adjudicatory order was timely as it was filed on August 22, 1990.
We first note that respondents have not included a report of proceedings, a bystander's report, or an agreed statement of facts pursuant to Supreme Court Rules 321, 323(c), and 323(d) (134 Ill.2d Rules 321, 323(c), 323(d)). Respondents, as appellants, have the burden of presenting a sufficiently complete record of the proceedings to support their claim of error; therefore, if there is any doubt arising from the incompleteness of the record, that doubt will be resolved against respondents. (Capsonic Group v. Swick (1989), 181 Ill.App.3d 988, 992, 130 Ill.Dec. 909, 537 N.E.2d 1378.) However, because our review of the issue presented by respondents involves solely a question of law and does not involve evidentiary issues, the lack of a complete record does not bar our review of the issue. McNames v. Rockford Park District (1989), 185 Ill.App.3d 291, 293, 133 Ill.Dec. 253, 540 N.E.2d 1119.
Pursuant to Supreme Court Rule 660(b) (134 Ill.2d R. 660(b)), all juvenile proceedings not involving delinquency petitions are governed by the rules applicable to civil cases. An adjudicatory order is generally (see 134 Ill.2d R. 662(a)) not considered a final order to any claim or party. (In re T.B. (1990), 195 Ill.App.3d 919, 924, 142 Ill.Dec. 366, 552 N.E.2d 1107; In re Winks (1986), 150 Ill.App.3d 657, 659, 103 Ill.Dec. 888, 502 N.E.2d 35.) A final order in a juvenile proceeding is the dispositional order. (In re Winks, 150 Ill.App.3d at 659-60, 103 Ill.Dec. 888, 502 N.E.2d 35; see also In re J.N. (1982), 91 Ill.2d 122, 127, 61 Ill.Dec. 776, 435 N.E.2d 473.) Thus, Supreme Court Rule 272, which applies to timeliness determinations concerning final orders for purposes of appeals, cannot be applied in the present cause because the order of adjudication was not the final order. In re T.B., 195 Ill.App.3d at 924, 142 Ill.Dec. 366, 552 N.E.2d 1107.
Pursuant to section 2-1203(a) of the Civil Practice Law (Ill.Rev.Stat.1989, ch. 110, par. 2-1203), a party may file within 30 days of a judgment "a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." This section applies to final orders. (See Ill.Ann.Stat, ch. 110, par. 2-1203, Historical & Practice Notes, at 367 (Smith-Hurd 1983).) "Under the general rule relating to final judgments, a circuit court is divested of jurisdiction to grant post-trial relief after 30 days * * *." (American Institute of Real Estate Appraisers of the National Association of Realtors v. National Real Estate Association, Inc. (1989), 191 Ill.App.3d 867, 869, 138 Ill.Dec. 966, 548 N.E.2d 379.) However, an interlocutory order may be vacated or modified any time before final judgment is entered. In re Johnson (1981), 102 Ill.App.3d 1005, 1014-15, 58 Ill.Dec. 31, 429 N.E.2d 1364.
*22 Here, the adjudicatory order was not the final order in the cause below. The trial court lost jurisdiction 30 days after the dispositional order, not the adjudicatory order, was entered. Until the dispositional order was entered, the trial court continued to have jurisdiction to hear respondents' motion to vacate. Therefore, the trial court erred when it determined it must deny respondents' motion on the basis that it was filed more than 30 days after the adjudicatory hearing had been held and the oral order had been entered.
Finally, we note that the State argues that because respondents' motion was not factually supported by an affidavit (see Ralston v. Casanova (1984), 129 Ill.App.3d 1050, 85 Ill.Dec. 76, 473 N.E.2d 444), the trial court could have denied respondents' motion on that basis. The State argues that it is not the correctness of the reasoning below but the correctness of the result that we must determine. However, because the trial court never ruled on the merits of respondents' motion and respondents did not have a chance to amend their motion, we determine the State's argument is without merit. There is no basis in the record which would allow us to make such a determination.
Therefore, because the trial court erroneously concluded it did not have jurisdiction to consider respondents' motion, the dispositional order of September 21, 1990, is vacated. The order of the circuit court of De Kalb County denying respondents' motion to vacate the order of adjudication is reversed, and the cause is remanded so that a hearing may be held on respondents' motion.
Vacated; reversed and remanded.
DUNN and UNVERZAGT, JJ., concur.