# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Sola v. Roselle Police Pension Board*, 2012 IL App (2d) 100608

---

| | |
|---|---|
| Appellate Court Caption | JEANETTE SOLA, Plaintiff-Appellee, v. ROSELLE POLICE PENSION BOARD, Defendant-Appellee (The Village of Roselle, Intervenor-Appellant).–THE VILLAGE OF ROSELLE, Plaintiff-Appellant, v. ROSELLE POLICE PENSION BOARD and JEANNETTE SOLA, Defendants-Appellees. |
| District & No. | Second District<br>Docket Nos. 2-10-0608, 2-10-1107 cons. |
| Rule 23 Order filed | August 3, 2011 |
| Rule 23 Order withdrawn | January 6, 2012 |
| Opinion filed | January 6, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff had been receiving pension benefits as the surviving spouse of a village police officer for several years when the village informed her that it would no longer grant annual cost-of-living increases based on the Department of Insurance's position that surviving spouses of police officers were not entitled to cost-of-living increases and the trial court granted her request for a permanent injunction against reviews of her benefits by the police pension board, and that decision was upheld by the appellate court on the ground that the 35-day limit for reviewing administrative decisions had passed, but a few years later, the Illinois Supreme Court held that the Pension Code does not permit annual cost-of-living increases for survivors of police officers, and the police pension board found that it should continue to award plaintiff increases, the trial court's denial of the village's motion to dissolve the permanent injunction |

against modifying plaintiff's benefits was affirmed, since the village failed to show that there had been a change in the law warranting a modification of the injunction.

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Du Page County, Nos. 02-MR-297, 10-MR-44; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Karl R. Ottosen and Ericka J. Thomas, both of Ottosen Britz Kelly Cooper Gilbert & DiNolfo, Ltd., of Naperville, for appellant. |
| | Jerome F. Marconi, of Law Offices of Jerome F. Marconi, of Chicago, for appellee Jeannette Sola. |
| | Richard J. Reimer and Keith A. Karlson, both of Richard J. Reimer & Associates, LLC, of Hinsdale, for appellee Roselle Police Pension Board. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. Presiding Justice Jorgensen and Justice Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1    In these consolidated appeals, the Village of Roselle (Village) challenges: (1) the denial of the Village's motion to dissolve or vacate a permanent injunction (appeal No. 2-10-0608), and (2) the dismissal, granted in favor of Jeannette Sola and the Roselle Police Pension Board (Board) pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), of the Village's complaint for administrative review, *certiorari*, and *mandamus* (appeal No. 2-10-1107). We affirm.

¶ 2                              BACKGROUND

¶ 3    Since May 10, 1993, Sola has received pension benefits as the surviving spouse of a former Village police officer. Shortly thereafter, the Board granted her an annual 3% cost-of-living increase on her survivorship benefits. In December 2001, Sola received from the

-2-

Village a letter informing her that her pension benefits for 2002 would not increase beyond the 2001 level, as a result of the Department of Insurance's position that surviving spouses of police officers are not entitled to cost-of-living increases. The letter further informed Sola that a hearing was scheduled at which her pension benefits might be affected.

¶ 4 Sola filed a complaint for declaratory and injunctive relief (case No. 02-MR-297), arguing that the Board was without jurisdiction to conduct a hearing to review her pension benefits, because it did not timely review its original pension decision pursuant to section 3-101 of the Administrative Review Law (review law) (735 ILCS 5/3-101 (West 2010)), which limits the review of an administrative decision to a 35-day period after the decision is issued. *Rossler v. Morton Grove Police Pension Board*, 178 Ill. App. 3d 769, 774 (1989). The trial court granted Sola's request and permanently enjoined the Board from conducting a hearing to review Sola's pension benefits.

¶ 5 On appeal, we held that the Board had no jurisdiction to review Sola's pension benefits, as its decision was final beyond the 35-day limit for review of administrative decisions. *Sola v. Roselle Police Pension Board*, 342 Ill. App. 3d 227, 230-31 (2003) (*Sola I*). We did not consider the Village's argument that the Illinois Pension Code does not authorize cost-of-living increases to surviving spouses' pensions, because the only issue before us was whether the Board had jurisdiction to hold a hearing to review Sola's pension benefits. *Sola I*, 342 Ill. App. 3d at 233.

¶ 6 In *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546 (2009), the supreme court resolved the issue regarding cost-of-living increases to surviving spouses' pensions. The *Roselle* court agreed with the Village and held that article 3 of the Illinois Pension Code (Pension Code) (now 40 ILCS 5/3-101 *et seq.* (West 2010)) does not permit annual cost-of-living increases for survivors of police officers. *Roselle*, 232 Ill. 2d at 559.

¶ 7 The Board then notified Sola by letter on November 3, 2009, that it was holding a hearing to determine whether *Roselle*'s holding prohibited the Board from awarding Sola the cost-of-living increases. After considering arguments and pleadings, the Board found that it had no jurisdiction to modify Sola's pension benefits and that it should continue to award the increases until ordered by the court to do otherwise.

¶ 8 On January 13, 2010, the Village filed a complaint seeking *certiorari*, *mandamus*, and administrative review of the Board's decision that the Board lacked jurisdiction to modify Sola's pension benefits (case No. 10-MR-44). Based on what the Village claimed was the clear mandate of *Roselle*, the Village requested that the trial court order the Board to cease its practice of awarding cost-of-living increases to Sola.

¶ 9 On January 21, 2010, the Village filed a motion to dissolve or vacate the permanent injunction enjoining the Board from conducting a hearing to review Sola's pension benefits. As it did in the complaint for administrative review, the Village sought, pursuant to *Roselle*, an end to the Board's practice of awarding cost-of-living increases to Sola. On May 20, 2010, the trial court denied the Village's motion to dissolve or vacate the permanent injunction, finding that the Board had no jurisdiction to modify Sola's pension benefits. On June 10, 2010, the Village filed a timely notice of appeal (No. 2-10-0608).

¶ 10 On June 23, 2010, the Board and Sola filed a motion to dismiss the Village's complaint

for administrative review, *certiorari*, and *mandamus*, pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)). The Board and Sola argued that the Village's claims must be dismissed as the claims were precluded on *res judicata* and collateral estoppel grounds. The trial court agreed and granted the motion to dismiss. The Village filed a timely notice of appeal (No. 2-10-1107), and we allowed the Village's motion to consolidate the appeals.

¶ 11                                    ANALYSIS

¶ 12                            I. Appeal No. 2-10-0608

¶ 13    We first address the trial court's denial of the Village's motion to dissolve or vacate the permanent injunction. A permanent injunction is a "final judgment," subjecting it to the 30-day limits for filing posttrial motions and notices of appeal under the Code of Civil Procedure and supreme court rules. *American Institute of Real Estate Appraisers of the National Ass'n of Realtors v. National Real Estate Ass'n*, 191 Ill. App. 3d 867, 869 (1989). An exception to the above rule is that trial courts have jurisdiction, or inherent power, to modify or dissolve their own injunctions after the lapse of the 30-day limit. *American Institute of Real Estate Appraisers*, 191 Ill. App. 3d at 869-70. A trial court's jurisdiction in these circumstances, however, is limited to determining whether changes in the applicable law or facts since the rendition of the judgment warrant a modification of the injunction's terms. It does not include the power to inquire into the propriety of the judgment's procedural and substantive aspects as to conditions existing when the judgment was entered. *American Institute of Real Estate Appraisers*, 191 Ill. App. 3d at 870.

¶ 14    The trial court determined that the Village did not demonstrate a change in facts or law that would warrant a modification of the injunction. In reviewing the trial court's ruling, we are mindful that a decision to grant or deny injunctive relief is discretionary and should not be reversed absent an abuse of discretion. *American Institute of Real Estate Appraisers*, 191 Ill. App. 3d at 870.

¶ 15    The Village contends that it showed significant changes in law or facts since the trial court entered the injunction, including that: (1) *Roselle* bars Sola from receiving cost-of-living increases; (2) the cost-of-living increases to Sola were a systemic miscalculation and thus fell outside the definition of an administrative decision under the review law; and (3) a recent amendment to the Pension Code mandates annual administrative review of cost-of-living awards.

¶ 16                                  A. *Roselle*

¶ 17    In *Roselle*, the Board issued a decision finding that, under sections 3-111.1 and 3-112 of the Pension Code (40 ILCS 5/3-111.1, 3-112 (West 2004)), the widow of a Village police officer was entitled to annual cost-of-living increases. *Roselle*, 232 Ill. 2d at 551. The Village filed a complaint in the trial court seeking administrative review of the Board's decision, which the trial court reversed. On appeal, the supreme court held that sections 3-111.1 and 3-112 of the Pension Code do not authorize annual benefit increases to survivors of police officers. *Roselle*, 232 Ill. 2d at 559.

¶ 18    The Village maintains that *Roselle* "is important to the case at bar" because "*Roselle* definitively stated that Mrs. Sola, as a recipient of a surviving spouse pension, was not entitled to the cost of living increases that she had been awarded by the Board." While *Roselle* did hold that surviving spouses are not entitled to cost-of-living increases under the Pension Code, the dilemma for the Village here is that *Roselle* does not mandate a finding that the Board now has jurisdiction to review the benefits awarded to Sola. *Roselle* never addressed the jurisdictional issue; nor did it overrule *Sola I*. In *Sola I*, the Village failed to object to Sola's annual increase within the 35-day period for review, whereas, in *Roselle*, the objection was made in a timely manner, and therefore the Board and the reviewing courts had jurisdiction to consider the issue.

¶ 19    *Karfs v. City of Belleville*, 329 Ill. App. 3d 1198 (2002), is on point. In *Karfs*, the city attempted to correct the pension board's error in the calculation of pension benefits, and, like in the present case, review of the board's decision was not sought within the 35-day limitations period. *Karfs*, 329 Ill. App. 3d at 1202. The appellate court acknowledged the city's allegations that the pension board's original calculation was illegal, that this illegal calculation would result in a diminution of the pension fund, and that the pension board's decision could have an adverse impact on the city's duty to levy sufficient taxes to enable the pension system to function. *Karfs*, 329 Ill. App. 3d at 1205. However, the court held, "Where a statute provides that the administrative decisions of an agency are subject to the Administrative Review Law, that statute is the exclusive method for the review of an administrative agency's final decision." *Karfs*, 329 Ill. App. 3d at 1205. Thus, even though the pension board may have erred in calculating the benefits, the city failed to seek review within 35 days of the pension board's decision and could not seek a modification of the award thereafter, because the statutory review period had expired. *Karfs*, 329 Ill. App. 3d at 1205. This case presents the identical situation, which compels the same result.

¶ 20                    B. "Standard or Statement of Policy"

¶ 21    The Village argues that, in awarding Sola the 3% annual increases, the Board rendered not an administrative decision[1] but a "standard or statement of policy," which falls outside the definition of an administrative decision under the review law. The Village relies on *Board of Education of the City of Chicago v. Board of Trustees of the Public School Teachers' Pension & Retirement Fund*, 395 Ill. App. 3d 735 (2009), in support of its argument that there was no administrative decision, despite the fact that we held in *Sola I* that the Board did render an administrative decision. *Sola I*, 342 Ill. App. 3d at 232.

¶ 22    Regardless, we find the Village's reliance on *Board of Education* unavailing. In *Board of Education*, the court distinguished *Sola I* and *Karfs* from other "administrative decision" cases. *Board of Education*, 395 Ill. App. 3d at 742-43. Specifically, the court distinguished

_____

[1]An administrative decision is defined as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2010).

*Karfs* by recognizing the key aspect that "*Karfs* involved an individualized miscalculation, whereas the alleged miscalculation in this case was systemic." *Board of Education*, 395 Ill. App. 3d at 744. The court further explained:

> "A systemic miscalculation falls outside the definition of an 'administrative decision' under the review law. It is not a 'decision, order or determination of any administrative agency rendered in a particular case,' but a 'rule[ ], regulation[ ], standard[ ], or statement[ ] of policy.' " *Board of Education*, 395 Ill. App. 3d at 744 (citing 735 ILCS 5/3-101 (West 2006)).

¶ 23    *Board of Education* is not at all similar to the present case, as Sola's benefits involved only one calculation. An award to one spouse can hardly be considered a "systemic miscalculation."

¶ 24                            C. Recent Pension Code Amendment

¶ 25    The Village next claims that a recent change in the Pension Code allows the Board to review its prior decision. The Village maintains that section 3-141.1 of the Pension Code (40 ILCS 5/3-141.1 (West 2010)) requires a pension board to provide to the treasurer of a municipality financial information used in calculating a member's annuity. If the treasurer believes that the calculation is incorrect, and the pension board agrees, then the pension board shall redetermine the annuity. 40 ILCS 5/3-141.1 (West 2010). The Village asserts that, since section 3-141.1 "seems" to require annual specific pension board action, the Board is vested with jurisdiction annually to review whether it correctly awarded a cost-of-living adjustment.

¶ 26    This argument fails for two reasons. First, the plain and ordinary language of the statute limits its application to "[p]rior to the board's determination of benefits." 40 ILCS 5/3-141.1 (West 2010). Here, the Board's determination of Sola's benefits was made in 1993. No language in section 3-141.1 permits a pension board to recalculate a benefit already awarded to the beneficiary. Second, there is nothing to indicate that, by enacting section 3-141.1, the legislature intended to rewrite the review law to enlarge a pension board's jurisdiction to allow yearly review of all benefits previously awarded. Certainly, the legislature could have expressly stated that a pension board is required or permitted to annually review the benefits it has awarded.

¶ 27    In sum, the Village has failed to show that there has been a change in law or fact warranting a modification of the injunction. The law may have changed in terms of surviving spouses' entitlement to 3% cost-of-living increases, but the review law has not changed in terms of jurisdiction and the Board remains without jurisdiction to revisit its award to Sola. Accordingly, we determine that the trial court did not abuse its discretion in denying the Village's motion to dissolve or vacate the injunction.

¶ 28                            II. Appeal No. 2-10-1107

¶ 29    The Village argues that the trial court erred in dismissing its complaint for administrative review, *certiorari*, and *mandamus*, pursuant to section 2-619. We review the trial court's

ruling under the *de novo* standard of review. *Weydert Homes, Inc. v. Kammes*, 395 Ill. App. 3d 512, 516 (2009). On appeal, the Village asserts that the trial court entered the injunction as a result of the law in effect at that time and that the merits of whether the Board was improperly awarding cost-of-living increases to Sola were never addressed.

¶ 30    The Village is correct that the injunction was entered as a result of the law in effect when the Board sought to modify Sola's pension benefits. However, the law that the trial court relied upon was the review law, and the law that limits an administrative agency's authority to review its final administrative decisions has not changed. Because the Board's decision pertaining to Sola was final, the trial court issued a permanent injunction barring the Board from holding a hearing to review Sola's benefits. "[P]ermanent injunctions are designed to extend or maintain the status quo indefinitely when the plaintiff has shown irreparable harm and that there is no adequate remedy at law." *Butler v. USA Volleyball*, 285 Ill. App. 3d 578, 582 (1996). Thus, under the law, the Board had no power to ignore the trial court's injunction, which was affirmed by this court in 2003. *Sola I*, 342 Ill. App. 3d at 233. As such, the trial court's dismissal of the Village's complaint was correct as a matter of law.

¶ 31    The Village is precluded from litigating its claim, whether we apply *res judicata* or collateral estoppel. "Both *res judicata* and collateral estoppel apply to administrative decisions that are adjudicatory, judicial, or quasi-judicial in nature." *Bagnola v. SmithKline Beecham Clinical Laboratories*, 333 Ill. App. 3d 711, 717 (2002). The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Dalan/Jupiter, Inc. v. Draper & Kramer, Inc.*, 372 Ill. App. 3d 362, 366-67 (2007). For the doctrine to apply, three requirements must be met: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001).

¶ 32    "Collateral estoppel has a more limited preclusive effect and may be applied when the issue decided in the prior adjudication is identical with the issue in the current action, there was a final judgment on the merits in the prior adjudication and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication." *Bagnola*, 333 Ill. App. 3d at 717.

¶ 33    We find that this case fits squarely within both doctrines because there was a final judgment on the merits rendered by this court in *Sola I*, where we held that the Board lacked jurisdiction to modify Sola's pension benefits (*Sola I*, 342 Ill. App. 3d at 233), the subject matter of *Sola I* is identical to the subject matter of this claim, and the parties here are identical to those in *Sola I*.

¶ 34    Based on our decision, we need not address the Village's argument regarding whether the Board owes a fiduciary duty to the participants and beneficiaries of the Village police pension fund. As to the Village's request that we reconsider our holding in *Sola I*, we find no basis in the law to do so.

¶ 35                               III. CONCLUSION

¶ 36       For the reasons stated, we affirm the order of the circuit court of Du Page County denying the Village's motion to dissolve or vacate the injunction and the order granting the motion to dismiss the Village's complaint for administrative review, *certiorari*, and *mandamus*.

¶ 37       Affirmed.